

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Rec'd
9/20/05

Rosa S. Gaona,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A54490

Agency No. 4E-995-0008-04

## DECISION

Complainant filed a timely appeal with this Commission from the agency's decision dated June 1, 2005, dismissing her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*[1] In her complaint, complainant alleged that she was subjected to discrimination on the bases of race (Hispanic), sex (female), color (Native/Hispanic), disability (Traumatic Stress Disorder and Myofacial Pain Syndrome), and reprisal for prior EEO activity when:

1. On December 4, 2003, complainant was denied reasonable accommodation when her doctor released her to return to work in Douglas, Alaska and management did not return her to work in Douglas, Alaska; and

2. On February 5, 2004, complainant received a letter denying her request for reasonable accommodation.

The agency issued a final decision dismissing the complaint for raising the same matters in a civil action.

---

[1] The agency originally issued a final decision dated April 27, 2005, without containing appropriate appeal rights. On June 1, 2005, the agency issued a Correction to Final Agency Decision informing complainant of the appropriate appeal rights.

EXHIBIT C - Page 1 of 4

2                                                                01A54490

The regulation set forth at 29 C.F.R. § 1614.107(a)(3) provides that the agency shall dismiss a complaint that is the basis for a pending civil action in a United States District Court in which the complainant is a party provided that 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which complainant was a party.

The record indicates that complainant filed a civil action (A04-0118 CV) and two amendments to that civil action in the United States District Court, Juneau District of Alaska. A review of the record reveals that in her second amendment dated September 13, 2004, complainant raised, among other things, the agency's discriminatory denial of reasonable accommodation from November 1995, through September 2004. Therefore, we find that the complaints were properly dismissed pursuant to § 1614.107(a)(3). Accordingly, the agency's decision to dismiss complainant's complaint is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The

EXHIBIT C - Page 2 of 4

3                                                                  01A54490

Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

SEP 1 3 2005
Date

EXHIBIT C - Page 3 of 4

4                                                                01A54490

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

SEP 1 3 2005
Date

_signature_
Equal Opportunity Assistant

EXHIBIT C - Page 4 of 4