

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

AUG 3 0 2006

Rosa Gaona,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A60716

Agency No. 4E-995-0036-05

## DECISION

Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim.

In a formal EEO complaint dated September 3, 2005, complainant alleged that she was subjected to discrimination on the bases of disability and in reprisal for prior EEO activity. In an attachment to her formal complaint, complainant stated that on May 10, 2005, her former supervisor approached her in a confrontational manner and yelled at her. Complainant also stated that agency management was aware that complainant was not to work with prior employees, such as the former supervisor, who were associated with a prior EEO complaint that she had pursued. Complainant made reference to an agreement ". . . in which I was going through with the Union, Doctors and Management" and various named officials.

On October 3, 2005, the agency issued the instant final decision. Therein, the agency determined that complainant's complaint was comprised of two claims, that were identified in the following fashion:

1. On May 10, 2005, [her named former supervisor] spoke harshly to her; and

2. On May 10, 2005, a union settlement was violated when she was required to work under [her named former supervisor].

MAR 21 2006
EEO Compliance & Appeals
Western Area

EXHIBIT D - Page 1 of 4

2                                                                   01A60716

The agency dismissed claim (1) for failure to state a claim, finding that complainant did not suffer any job related loss or injury as a result of the alleged action of her former supervisor. The agency also dismissed claim (2) for failure to state a claim. Specifically, the agency determined that the EEO complaint process may not be used to attack proceedings in a different forum, and that to pursue her claim, complainant should have pursued it "in the same forum where the settlement was achieved."

The Commission finds that claim (1) fails to state a claim under the EEOC regulations because complainant failed to show that she suffered harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *See Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994).

The Commission also finds that the agency's dismissal of claim (2) was proper. A fair reading of the claim (2) reflects that complainant claims that the agency violated a union settlement agreement when requiring her to work under her former supervisor. The proper forum where complainant should have raised the matter addressed in claim (2) was within the grievance process. *See Kleinman v. United States Postal Service*, EEOC Request No. 05940585 (September 22, 1994); *Lingad v. United States Postal Service*, EEOC Request No. 05930106 (June 24, 1993).

Accordingly, the agency's final decision dismissing complainant's complaint is **AFFIRMED**.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration

3            01A60716

of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden* (signature)
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAR 17 2006
_____
Date

4

01A60716

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAR 17 2006
Date

*[signature]*

Equal Opportunity Assistant