Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROSA GAONA, )
)
       Plaintiff, )
)
v. )
)
JOHN E. POTTER, )
Postmaster General, )
)
       Defendant. )
_____)

Case No. A04-114 CV (JKS)

DEPOSITION OF ROSA GAONA

Pages 1 through 153, Inclusive

Taken: Tuesday, September 20, 2005

Place: Juneau, Alaska

Rosa Gaona * 9/20/2005
Gaona v. Potter * A04-114 CV (JKS)

Page 44

1  creation of hostile work environment, different
2  treatment from other coworkers."
3         Am I reading that correctly?
4     A.   Yes.  Yes.
5     Q.   And then you feel you were discriminated
6  against because of your race?
7     A.   Uh-huh.
8     Q.   Okay.  And your race is?
9     A.   Hispanic-Native.
10    Q.   And that's one thing I wasn't clear
11 about.  Do you feel you were -- have been
12 discriminated against because you are of Hispanic
13 ancestry or because you are of Alaskan Native
14 ancestry?
15    A.   Probably both.
16    Q.   Okay.  Now, you filed many EEO
17 complaints over the years.
18    A.   Yes.
19    Q.   I understand that there was one
20 complaint -- or the first complaint that you filed
21 was in 1991?
22    A.   Yes.
23    Q.   What did that involve?
24    A.   What did that involve?  My goodness.
25 That's a whole history in itself.

Rosa Gaona * 9/20/2005
Gaona v. Potter * A04-114 CV (JKS)

Page 59

1   mail.  You can answer phones.  You can fill out
2   paperwork.  You can do different things for carriers
3   or clerks, depending on -- you know, light duty.
4   That is, basically, not -- you could do a route, if
5   they allow, depending on -- you know, if the
6   supervisor or postmaster feels that, you know, you
7   are on their side enough that they will allow that
8   to happen.
9                At the time, I was at a 30-pound --
10       Q.      Lifting restriction?
11       A.      -- lifting restriction.  There was a lot
12  of things I could have done, but they would not
13  allow me to do it.
14       Q.      And at what time were you restricted to
15  30 pounds?
16       A.      I can't remember.
17       Q.      Well you used the term "at the time,"
18  so --
19       A.      From '95 throughout, you know, the
20  doctors just kept trying to get me back to work with
21  this limitation, so that I could heal enough to get
22  back to full-time duty.  But that never happened
23  throughout that time period.
24       Q.      And are you still on a 30-pound --
25       A.      No.

Rosa Gaona * 9/20/2005
Gaona v. Potter * A04-114 CV (JKS)

Page 65

1   BY MR. POMEROY:
2       Q.      Going back to your claim for disability
3   discrimination, other than your lifting restriction
4   on 30 pounds, what other things could you not do?
5               MS. ROSE:  I'm going to object
6   again just for the record.  Vague as to time.  Are
7   you talking about 1995?
8               MR. POMEROY:  Let's go with '97.
9       A.      '97?  I'm not real sure, because there
10  has been a lot there, but if I remember correctly,
11  twisting and turning was an issue.
12  BY MR. POMEROY:
13      Q.      Anything else?
14      A.      The lifting, the twisting, and turning.
15      Q.      Well, maybe an easier way to go about
16  this is, you know, tell me, over the progression of
17  this time period, starting with what things you
18  couldn't do, and tell me what got better, and if you
19  can remember when.  And I'm making one assumption.
20  You are better now than you were in 1995,
21  physically, as far as your back goes; is that
22  correct?
23      A.      Yes.  It is better than it was.  Back
24  then, the pain never went away throughout the whole
25  period of 1995 all the way up until about 2004.

Rosa Gaona * 9/20/2005
Gaona v. Potter * A04-114 CV (JKS)

Page 66

1  Q. So for 10 years, from 1995 -- okay. Are
2  you telling me that from 1995 to last year, there
3  was no change in your situation --
4  A. Correct.
5  Q. -- physically?
6  A. Right.
7  Q. Okay. But now you are better?
8  A. Somewhat.
9          MR. POMEROY: So as far as time
10 goes, there is no basis for your objection.
11 BY MR. POMEROY:
12 Q. While you were employed for the post
13 office.
14          So what other restrictions, other
15 than lifting 30 pounds -- and now it is approved to
16 50 -- could you not do? You said twisting?
17 A. Twisting and turning, the lifting.
18          The reason why the doctors were
19 asking this was to get me to heal so that I could go
20 into full-time duty again.
21 Q. Okay. And what period of time were they
22 talking about that you would need to heal?
23 A. You know, I honestly don't know. That
24 would be a doctor's -- it was never given -- I was
25 never given a chance to really heal.

Rosa Gaona * 9/20/2005
Gaona v. Potter * A04-114 CV (JKS)

Page 67

1  Q.     What were you able to do at work?
2  A.     Anything that would entail what the
3  doctors prescribed. 30 pounds, help on the route.
4  Q.     And during the period of time from 1995
5  through 2004, you did work as a letter carrier?
6  A.     Off and on. They had me boxing mail
7  throughout -- whenever they would allow me to come
8  in and work.
9  Q.     And you say "allow you to come in."
10 What was the reason you were given that you were not
11 allowed to come in to work?
12 A.     Well, they kept disputing the doctors'
13 requests for light duty. They would dispute -- they
14 would just make it so complicated for the doctors
15 to -- you know, I mean, if the doctor said one
16 thing, the postal service would take it and construe
17 everything so that the doctor would have to go back
18 and rewrite. So it was back and forth a lot, the
19 doctors and the postal service, trying to get me to
20 work.
21         The doctors would write out a piece
22 of paper and say, "This is what we would like you to
23 do in order to accommodate Ms. Gaona to come back to
24 work." And the postal service would construe
25 everything the doctor would write, and, of course,

Glacier Stenographic Reporters Inc.          EXHIBIT E
glaciersteno@gci.net * 907.789.9028    Page 6 of 6

d0196b99-500a-4c08-a12d-3aa649e80006