

| Certification | Case No. 4E-995-0007-98 |
|---|---|

I have read the attached statement, consisting of _____ pages, and it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact or makes any false, fictitious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

### Privacy Act Statement

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972, 29 U.S.C., section 621 et. seq.; and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage;

to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant, and for Postal Service and other federal employee witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other Federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

### Oath/Affirmation

Subscribed and (sworn) (affirmed) before me _____

on this _____ day of _____.

EEO Investigator's Signature | Affiant's Signature (Sign in the presence of EEO Investigator)

### Declaration

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

(Affiant, sign and date if attached statement was not completed in the presence of the EEO Investigator)

Affiant's Signature: _[signed]_    Date: 9/8/98

PS Form 2571, January 1994

AFFIDAVIT C
PAGE 1 OF 3

| | EEO Investigative Affidavit (Witness) | Page No. 1 | No. Pages 2 | Case No. 4E-995-0007-98 |
|---|---|---|---|---|

| 1. Affiant's Name (First, Middle, Last) Saceda Gethsemane | 2. Employing Postal Facility Juneau, AK | | | |
|---|---|---|---|---|
| 3. Position Title Supervisor, Customer Services | 4. Grade Level EAS-16 | 5. Postal Address and Zip + 4 Box 25555 Juneau, AK 99802-9993 | 6. Unit Assigned | |

**Privacy Act Statement**

The collection of this information is authorized by Public Law 82-261, Equal Employment Act of 1972; 29 U.S.C. sections 621 et seq. and 701 et seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant and for Postal Service and other federal employee witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other Federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

7. Statement (Continue on Form 2569 if additional space is required)

I am 50 years of age, have no disabilities and I have not filed an EEO complaint but I may have been a witness in a previous EEO complaint. I am aware that Ms. Gaona has filed EEO complaints in the past and I am not aware of what Ms. Gaona suffers from with regards to repeated absences. Ms. Gaona has been ill for sometime and I have made every effort to accommodate her requests for light duty. On September 2, 1997, Ms. Gaona faxed me a doctor's statement that did not address all the issues and details regarding these issues from her last medical documentation. This documentation did not adequately explain all these limitations. Now, Ms. Gaona was off on September 3, 1997, and called in sick on September 4, 1997 and again on September 5, 1997. During her call on September 5, Ms. Gaona told me she would be into work on Saturday, September 6, 1997. It was at that time I told her the documentation from September 2 did not address all the issues noted in the documentation of July 7 and she needed to provide more specific details. After I went home on Friday, September 5, another fax was sent to my office. On Saturday, September 6, when I arrived for work and Ms. Gaona came to work, I reviewed the fax and realized Ms. Gaona had additional restrictions (she now could lift only 10 to 20 pounds), so I arranged with her to have a light duty meeting. Previously, discussions had been held with Ms. Gaona and letters sent to her advising of what was acceptable medical documentation. The light duty meeting was held September 8, 1997. Ms. Gaona could have worked that date but declined to do so because she had a doctor's appointment. I have no record of light duty for Renee Davis, Scott Dombrier or Ed Thorne for 1997, nor do I remember any of them being on light duty prior to 1997. Melo Punongbayan was on light duty from September 30, 1997 to October 2, 1997. When he requested light duty on September 29, 1997, he had the work restriction evaluation which had

Affiant's Signature: _[signature]_     Date: 9/8/98

AFFIDAVIT C
PAGE 2 OF 3

**EEO Investigative Affidavit (Continuation Sheet)**

| Page No. | of | Case No. |
|---|---|---|
| 2 | 2 | 4E-995-0007-98 |

been properly completed by his doctor. He had called ahead of time so I was able to schedule a light duty meeting prior to his return to work. In Ms. Gaona's case, the doctor's slip arrived after I had left for the day on September 5, 1997. The following morning, Ms. Gaona reported to work but I was not able to hold a light duty meeting until Monday because the postmaster was required to be present. I informed Ms. Gaona that I could not let her work until a light duty meeting was held, she filed some grievances and went home. I am not able to grant the resolution Ms. Gaona requests.

Nothing below this line

Affiant's Signature: *[signature]*
Date: 9/8/98

AFFIDAVIT C
PAGE 3 OF 3