

| Certification | Case No. 4E-995-0025-98 |
|---|---|

I have read the attached statement, consisting of   2   pages, and it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact or makes any false, fictitious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

### Privacy Act Statement

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., section 621 et. seq.; and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant, and for Postal Service and other federal employee witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other Federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

### Oath/Affirmation

Subscribed and (sworn) (affirmed) before me _____

on this _____ day of _____,

_____ | _____
EEO Investigator's Signature | Affiant's Signature (Sign in the presence of EEO Investigator)

### Declaration

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

(Affiant, sign and date if attached statement was not completed in the presence of the EEO Investigator)

| Affiant's Signature | Date |
|---|---|
| James M Donaghy | Dec 4 1998    29 |

AFFIDAVIT B
PAGE 1 OF 3

EXHIBIT N'- Page 1 of 3

| | EEO Investigative Affidavit (Witness) | Page No. 1 | No. Pages 2 | Case No. 4E-995-0025-98 |
|---|---|---|---|---|

| 1. Affiant's Name (First, Middle, Last) | 2. Employing Postal Facility | | | |
|---|---|---|---|---|
| James M. Donaghey | Juneau, AK | | | |
| 3. Position Title | 4. Grade Level | 5. Postal Address and Zip + 4 | | 6. Unit Assigned |
| Postmaster | EAS-21 | 709 W 9th St. Juneau, AK 99801-9998 | | |

**Privacy Act Statement**

The collection of this information is authorized by Public Law 93-361, Equal Employment Act of 1972; 29 U.S.C. sections 621 et. seq. and 701 et seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; in a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant, and for Postal Service and other federal employees witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other Federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

7. Statement (Continue on Form 2569 if additional space is required)

I am aware of my right to representation in the preparation of this affidavit and I waive that right. My date of birth is May 12, 1943. I am aware of Ms. Gaona's prior EEO activity and I am aware that she has a chronic illness of some kind but I am not aware of the diagnosis. Sandy Hicks and I had discussed her decision to place Ms. Goana on restricted sick leave and I agreed with that decision. A review of the files shows that Ms. Geona is the only employee Ms. Hicks has placed on restricted sick leave. As I recall, we did so because of Ms. Gaona's extensive absences and in an attempt to keep abreast of her physical condition because she was not regularly providing appropriate medical documentation of her continuing need for light duty. I denied her request for advance sick leave because she did not provide any documentation to support her need for the leave and because, after reviewing her attendance, I was uncertain she would be able to work regularly and long enough to pay it back. I have approved advance sick leave for the following. Wanda Temple who was a distribution clerk. As I recall she had a broken ankle but subsequently developed other problems and took a disability retirement. I believe she last worked in late 1995. I do not know what her age, disabilities or prior EEO activity were. Steve Staveland, a rural carrier who was approved advance sick leave in 1996. I believe Mr. Staveland was over forty years of age at the time but I am not aware that he was disabled or had any prior EEO activity. Maritea DeLaPaz, a distribution clerk at Mendenhall Station who was was approved advance sick leave in 1996 for major surgery. I believe that she was in her mid-thirties at the time. I am not aware that she was disabled or had any prior EEO activity. Susan Johnson, a general expediter at Mendenhall Station who was approved 40 hours of advance sick leave in 1997 for pregnancy related reasons. I believe she is in her mid-thirties but I do not believe she is disabled. She has filed one EEO com-

| Affiant's Signature | Date |
|---|---|
| /s/ James M Donaghey | Dec 4, 1998 |

AFFIDAVIT B
PAGE 2 OF 3

| EEO Investigative Affidavit (Continuation Sheet) | Page No. 2 | No. Pages 2 | Case No. 4E-995-0025-98 |
|---|---|---|---|

plaint that I am aware of. Kevin King has not requested nor has he been provided advance sick leave. Mr. King was placed on restricted sick leave by supervisor Don Fell in August 1996. To my knowledge, no one else has been placed on restricted sick leave in the past two years.

**NOTHING BELOW THIS LINE**

Affiant's Signature: *James M Donaghey*
Date: Dec 4, 1998

AFFIDAVIT B
PAGE 3 OF 3

31