**LAW OFFICE OF PATRICIA S. ROSE**
Patricia S. Rose, WSBA #19046
Attorney for Plaintiff
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964 (phone)
(206) 622-2593 (fax)
Email: prose83897@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ROSA S. GAONA<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER,<br><br>Defendant. | No. CV 3:04-CV 00118-JKS<br><br>DECLARATION OF<br>JENNIFER MASON<br>IN SUPPORT OF<br>PLAINTIFF'S MEMORANDUM<br>IN OPPOSITION TO<br>DEFENDAN'TS MOTION FOR<br>SUMMARY JUDGMENT OF<br>DISMISSAL |

I, JENNIFER A. MASON, am over eighteen years of age and am competent to testify to the following. This statement is based on my personal knowledge and is true to the best of my recollection and belief.

DECLARATION OF JENNIFER MASON
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-1

1.  I am a former employee of the United States Postal Service in Juneau Alaska. I was hired as a part-time flexible (PTF) City Carrier in 2003. I worked for approximately sixty days before I was involuntarily discharged by Kent Eriksen, the Postmaster, on or about June 6 2003. He indicated that other management officials had indicated that they felt I was too slow and had not performed satisfactorily otherwise progressed in performing City Carrier duties to their satisfaction. I was still in the probationary period when I was discharged and thus had no recourse through the collective bargaining agreement.

2.  I was based at the Federal Building Station throughout my employment and in my brief history with the Postal Service reported to at least three supervisors, Susan Johnson, Stuart Akagi and Mike Walsh, respectively. Ms. Johnson was a full-time manager, Manager of Customer Service, but Mr. Akagi was a City Carrier who was intermittently elevated to the Assistant Supervisor or 204B position.

3.  I also received limited on the job training from the following individuals: Mike Pearson and Sen Calderon. Because Is strongly believed then, and continue to strongly believe today, that I was treated unfairly and discharged due to my gender, I filed informal and formal EEO complaints and ultimately pursue this issue through a

DECLARATION OF JENNIFER MASON
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-2

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964; 206 622-593 (fax)

formal administrative hearing and a pending law suit filed in the United States District Court.

4. During the brief time that I was employed, I was subjected to close scrutiny for the manner in which I performed various duties, including for example, the requirement of casing mail. I was trained in casing mail primarily by Michael Pearson and when I performed these tasks in this fashion, Stuart Akgai vocally degraded me for the manner in which I did this task and graded as unsatisfactory in that area..

5. I knew as a probationary employee that I would be closely monitored and evaluated and I did in fact expect to receive 30, 60 and 90-day evaluations; I received both the 30 and 60 day evaluations and even weekly ones at the end of my employment. In contrast, David Reed, a casual employee hired at around the same time did not to my knowledge receive this level of attention or scrutiny's confirmed by Kent Eriksen in his affidavit in my EEO complaint. Exhibit 1 to this declaration is a true and correct copy of relevant excerpts from that affidavit.

6. David Reed is also the son of Susan Johnson. I honestly believe that because David was male and/or his mother was Ms. Johnson, he received more courtesy and

DECLARATION OF JENNIFER MASON
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-3

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964; 206 622-593 (fax)

training from, among others, Mr. Akagi and was likely being groomed for my PTF slot.

7.    Yet, during this same time period, I observed David and other male City Carriers casing the mail in exactly the same why that I was criticized for and not be corrected or told that they were doing it incorrectly. Another example is that I was evaluated as unsatisfactory in driving safety but was told by Mike Pearson that it was customary to drive faster between driving receptacles. Then, I was rebuked for driving 30 miles an hour in an area posted at 45 miles an hour by Stuart Akagi and told I was driving too fast or demonstrating poor safety habits. I had no accidents with the vehicle or any other incidents that would raise safety concerns for an objective evaluator.

8.    As another example, under Stuart Akagi's direction, I was required to complete Route 2, the primary route that I was assigned, in approximately six hours even though no male Carriers were held to that standard when they performed this route. Yet, for reasons I do not know but I assume it is because I was being effective and efficient in my duties, Mr. Akagi and apparently with the approval of Ms. Johnson, added more parcel deliveries and other responsibilities onto existing

DECLARATION OF JENNIFER MASON
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-4

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964; 206 622-593 (fax)

routes that I was assigned while complaining about my alleged inefficiency in performing the route. Again, no other males had such treatment or inconsistency in expectations to my knowledge.

9. Right before I was let go, I was assigned Route 6; I was barely trained on it and worked about three days before my discharge. I imagine that I was not as efficient in doing that route as route 2 which I had performed for many days but that is not uncommon.

10. .During the period that I worked for the Juneau Post Office, it appeared that virtually all of the City Carriers were male. I understood from some of my co-workers that some female Carriers had similar problems as I had and/or at least were viewed as inferior employees by Stuart Akagi. I was advised that Mr. Akagi had made various derogatory and demeaning remarks about other females and me. While I learned through the EEO investigation that male probationers had resigned within the first sixty days, I am not aware of any others who were discharged involuntarily as I was.. Additionally, Susan Johnson was supervising her own son in performing carrier duties and some of the days that they critiqued my performance as

DECLARATION OF JENNIFER MASON
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-5

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964; 206 622-593 (fax)

substandard were days that he did the route. I am unaware of any disciplinary or corrective action taken against him.

11.   .To my knowledge, I always performed both in the field, i.e. "street productivity" and in the office, i.e.."office productivity", within generally acceptable performance, safety, and production standards given my status as a new carrier. I exceeded the attendance standards as I did not miss any days. Of course, there were days that I performed over the DOIS standard and there were days that I finished the route within the time allotted .under that standard.. I know various people who are career Postal employees who told me that truly absorbing a route or all of the requirements of this trade requires a minimum of six months.

12.   Based on the totality of my experience, and my knowledge of the experience of others, I remain convinced that I was not afforded a truly equal opportunity to succeed as a City Carrier because of my gender.

DECLARATION OF JENNIFER MASON
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-6

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964; 206 622-593 (fax)

1  I SWEAR UNDER PENALTY OF PERJURY UNDER THE LAWS
   OF THE UNITED STATES THAT THE FOREGOING STATEMENT IS
2  TRUE AND CORRECT.

3  Dated at Juneau Alaska this ___1st___ day of ~~October~~ November 2006

4

5

6  _____Jennifer A. Mason_____
               JENNIFER MASON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  DECLARATION OF JENNIFER MASON
    IN SUPPORT OF PLAINTIFF'S
26  OPPOSITION TO DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT-7

U. S. Postal Service

# EEO Investigative Affidavit (Witness)

| Page No. | No. Pages | Case No. |
|---|---|---|
| 1 | 2 | 4E-995-0054-03 |

1. Affiant's Name (First, Middle, Last): Kent Dwaine Eriksen
2. Employing Postal Facility: Juneau Post Office
3. Position Title: Postmaster
4. Grade Level: 22
5. Postal Address and ZIP+4: 9491 Vintage Blvd
6. Unit Assigned: Mendenhall St

## Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine Use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the national Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement (Use Form 2569 if additional space is required)

# 2. On or about June 6, 2003 I was given Jennifer Masons 30 day evaluation, weekly evaluations between the 30 day and the 60 day evaluation and the 60 day evaluation. In review of the reports I found Mason to be unacceptable in most areas on her 30 day evaluation by Supervisor Stuwart Akagi, in review of the following 5 weekly evaluations performed by 3 different Supervisors and managers, Stuwart Akagi, Susan Johnson, Mike Walsh and Renea Jones no improvement was made in Office/Street/thoroughness performances. In review of the 60 day evaluation conducted by Manager Johnson, I found Mason was still not performing satisfactorily in the above mentioned job performances. It is important to note that Mason was informed and signed each weekly and monthly evaluation under the evaluation rating. The above information what I considered in making my decision for terminating.

#3. No

#4. David Reed was a temporary Casual employee, his employment was for a 90 day term, no evaluation necessary on temporary employees.
    Sex- Male
    Job title- Casual
    Tour- City carrier (days)
    Supervisor- Rena Jones, Stuwart Akagi, Mike Walsh
    Manager- Susan Johnson

#5. No

#6. No

#7. No

**I declare under penalty of perjury that the foregoing is true and correct.**

Affiant's Signature: [signed]
Date Signed: 7-4-04

PS Form 2568-B, March 2001

Affidavit B
Page 4 of 6