**LAW OFFICE OF PATRICIA S. ROSE**
Patricia S. Rose, WSBA #19046
Attorney for Plaintiff
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964 (phone)
(206) 622-2593 (fax)
Email: prose83897@aol.com

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ROSA S. GAONA<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN E. POTTER,<br><br>           Defendant. | No. CV 3:04-CV 00118-JKS<br><br>DECLARATION OF STEPHEN STAVELAND IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDAN'TS MOTION FOR SUMMARY JUDGMENT OF DISMISSAL |

I, STEPHEN STAVELAND, am over eighteen years of age and am competent to testify to the following. This statement is based on my personal knowledge, and is true to the best of my recollection and belief.

DECLARATION OF STEVE STAVELAND
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-1

1      1.    I am a former employee of the United States Postal Service in

2    Juneau Alaska. For most of my postal career, which began in July of 1984

3

4    I was employed as a Rural Route Carrier. This job is technically a different

5    bargaining unit and has different chain of command than that of the City

6    Carriers though the work itself is not that different. We obviously service a

7    different area than the city limits of Juneau. My recollection was that I

8
    reported to Michael Walsh as a direct supervisor as well as Dale
9

10   Zwingleberg at times and was based out of the Mendenhall facility but was

11   ultimately under the same postmaster as everyone else, and that was James

12   Donaghey and then Kent Ericksen.

13

14      2.    Rural routes are done somewhat different in that you have an

15   assigned route and number of hours in your schedule but if you get done

16

17   faster, you still get paid your assigned hours. I liked that aspect of the job

18   and the fact that I could work independently while doing my job. In my

19   way of thinking, I thought then and still do that it was a good gig to have.

20

21      3.    On September 10, 1999, I was injured on the job when a 60

22   parcel fell down while I was pulling parcels down in the cage area where I

23
   was getting ready to go out on route. I tried to catch it because it had
24

25   DECLARATION OF STEVE STAVELAND
     IN SUPPORT OF PLAINTIFF'S
26   OPPOSITION TO DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT-2

"FRAGILE" marked on it  I literally felt like I heard several  vertebrae pop but continued to work my shift until I felt so much discomfort that I notified my supervisor. In fact, my supervisor went to Juneau Urgent Care with me and kept pressuring the doctors to say I could come back to work immediately.

4.    As it turned out, I was out for several weeks and then returned to work with restrictions. Basically,  I worked about two hours daily and then gradually moved up to 4 hours daily, of light duty assignments. These tasks were technically clerk craft work such as stamping letters, dealing with postage due, and other make work type duties. I was able to increase my hours but was not able to get back to my route for an extended period of time and continued in this fashion for approximately two years at a regular tour, i.e. a  40 hour schedule. As long as  I could get up and move around and not be always sitting, I was able to function and perform these duties.

5.    To the best of my  recollection,  the rural   carrier  union contract had express language that said if you could not come back to  your regular bid after two years of modified duties, they had   to give you a

DECLARATION OF STEVE STAVELAND
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-3

permanent assignment in the modified job.    I basically had a permanent lifting restriction of no more than 20 pounds and they honored it. Essentially, they created a job for me. Between 1999 and 2001, a supervisor at the Federal Building, had me over there basically answering phones. I could read a book or do other stuff as long as I answered the phone.  That was because there was another  injured Rural carrier, Bob Locke, who they had to find work for at Mendenhall, to my memory.

6.    By 2001, I ended up doing Express mail, and other mail sorting and processing tasks as needed at Mendenhall.   I did not like the job as much as the rural route but my back just did not permit me to go out and do 8 hours of that kind of strenuous work.

7.    I do not recall much real  pressure to come back at full strength and resume my prior duties during the first two years but after the permanent modified duty assignment. Later on, there was always some subtle or overt attempt to get me to work outside of my restrictions. I would just stand my ground and not do it..

8.    Eventually, my doctor felt that even that work was not good for my back and suggested I pursue disability.   I applied and received

DECLARATION OF STEVE STAVELAND
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-4

1   Social Security disability but I have been continually rejected. By OWCP

2   for workers' compensation and I am still fighting for  those benefits.   I

3
    would not say that they have been totally respectful to me but because of
4
5   the language in my union contract, I felt that they could not make any

6   moves to explicitly punish me or discipline me for not being able to my

7   regular bid.  Because the Postmaster's bonus and performance evaluation
8
    was tied somehow to low sick leave balances and  their labor costs,
9
10  management needed me to be in a payroll status.  In fact, initially, I was

11  told by Jim Donaghey, the Postmaster, that I could basically lie down on

12  the job and do nothing so long as I was clocked in.

13

14          I DECLARE UNDER PENALTY OF PERJURY UNDER THE
    LAWS   OF   THE   UNITED   STATES   THAT   THE   FOREGOING
15  STATEMENT IS TRUE AND CORRECT.

16  Dated at Juneau Alaska this 9/11/06 day of September 2006.

17

18  STEPHEN STAVELAND

19

20

21

22

23

24

25  DECLARATION OF STEVE STAVELAND
    IN SUPPORT OF PLAINTIFF'S
26  OPPOSITION TO DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT-5