**LAW OFFICE OF PATRICIA S. ROSE**
Patricia S. Rose, WSBA #19046
Attorney for Plaintiff
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964 (phone)
(206) 622-2593 (fax)
Email: prose83897@aol.com

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ROSA S. GAONA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN E. POTTER,<br><br>　　　　Defendant. | No. CV 3:04-CV 00118-JKS<br><br>DECLARATION OF MARY E. JORDAN IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDAN'TS MOTION FOR SUMMARY JUDGMENT OF DISMISSAL |

I, MARY E. JORDAN, am over eighteen years of age and am competent to testify to the following. This statement is based on my personal knowledge and is true to the best of my recollection and belief.

DECLARATION OF MARY JORDAN
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-1

1. I am a former employee of the United States Postal Service in Juneau Alaska. I was hired as a part-time flexible (PTF) clerk in March 1993. After 90 days I was assigned the Personnel Clerk duties. The position was located outside the Postmaster's door. I performed various administrative duties related to human resources/personnel. This office area was located in a leased facility separate from all other postal facilities in Juneau.

2. I had been employed as a legal secretary for the City and Borough of Juneau's Attorney office. I took it upon myself to familiarize myself with the Employee Labor Relations Manual which is the basic resource for human resources/personnel management within the U. S. Postal Service. Early on in my position as personnel clerk, I faced some personal ethical challenges working with Postmaster James Donaghey. He would repeatedly make statements suggesting that we could ignore certain documents or requirements and/or pretend that we just did not receive them as a method for avoiding legal or compliance requirements. This would include such things as medical documentation or other communications such as those from the Unions. I specifically remember him saying this in the context of some medical restrictions or other information that I had received related to Wanda Temple, an employee who was having serious medical problems and was applying for disability retirement along with other assistance programs. He would also suggest that people "work better when they have been stirred up". When I asked him what he meant by this, he said "you

DECLARATION OF MARY E. JORDAN
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-2

know --do something you know will really upset them so they focus on each other". He stated that people work better when they are mad about something. I said I thought people were better motivated by respect along with some please and thank yous. We would butt heads on this issue for many years.

3. Because I flat out told him I could not live with myself if I did it his way, Postmaster Donaghey suggested that I go to the mail processing area at the Mendenhall facility and work there at night. Since I was a fast typist and very efficient in doing my personnel clerk duties, I could do them from 8 -10:30 AM after I completed a night tour in the mail processing area. I readily agreed as I did not feel morally right working near him. He arranged with the supervisor, Richard Derbesy, for me to work on Tour 1 which I did until I was able to bid on a mail process position. I was a single parent and I needed a job.

4. Ultimately, I bid and obtained a Window Clerk position at the Federal Building downtown. That was the first time that I met Rosa Gaona face to face. I have to admit that I had heard comments from Deborah Brockman, who was the timekeeper and is now currently HR person, as well as James Donaghey. During those earlier years, approximately between 1993 and 1995, he had said that Rosa was "nothing but trouble", that she was always "stirring up trouble" in his direction. He said his 'son-in-law, Stuart says "she can't do her job", i.e. that she is 'lazy' and 'can't do her route'" I had no reason to believe him but he definitely had major biases about her.

DECLARATION OF MARY E. JORDAN
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT-3

Case 3:04-cv-00118-JKS   Document 51   Filed 11/10/2006   Page 4 of 10

Case 3:04-cv-00118-JKS    Document 51    Filed 11/10/2006    Page 5 of 10

Case 3:04-cv-00118-JKS   Document 51   Filed 11/10/2006   Page 6 of 10

Case 3:04-cv-00118-JKS     Document 51     Filed 11/10/2006     Page 7 of 10

Case 3:04-cv-00118-JKS   Document 51   Filed 11/10/2006   Page 9 of 10

Case 3:04-cv-00118-JKS    Document 51    Filed 11/10/2006    Page 10 of 10