EXHIBIT NO. 7

EEO COMPLIANCE & APPEALS
WESTERN AREA


UNITED STATES
POSTAL SERVICE

August 17, 2005

RECEIVED

AUG 22 2005

LAW OFFICE OF
PATRICIA S. ROSE

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations
Equal Employment Opportunity Commission
PO Box 19848
Washington, DC  20036

Certified Mail No.: 7004 1160 0000 3492 1732
Return Receipt Requested

Dear Mr. Barnhart:

The Agency is submitting the EEO complaint file, as requested by your office for the following individual(s):

| COMPLAINANT | DOCKET NUMBER | AGENCY NUMBER | APPEAL FILED |
|---|---|---|---|
| Rosa S. Gaona | 01A54707 | 4E-995-0037-04 | 06/30/05 |

The Agency issued a Final Agency Decision (FAD) for the above-referenced complainant bases on pending civil action in a United States District Court in accordance with EEOC Regulations at 29 C.F.R. 1614.107(a)(3).

Complainant filed a civil action (A04-0118CV (JKS) dated October 21, 2004 in relation to issues raised in prior EEO Agency Case No. 4E-995-0008-04. On September 13, 2004, Complainant amended that civil action to include a number of additional claims ranging between October 1995 through September 2004, including her allegations of harassment and hostile work environment previously raised in the civil court case. Specifically, in that amendment to the civil action, complainant stated, under Count #3, Hostile work environment; under Count #5, Complainant stated hostile work environment; under Count #6, Complainant cites sex discrimination as a basis for being subjected to hostile work environment or harassment and under Injury, Complainant claimed her original injury of October 1995 – facial pain syndrome was exacerbated due to the stress of the harassment and hostile work environment. Based on these comments, the instant case was dismissed as the allegations of harassment and hostile work environment raised in the civil action were also raised again in the instant complaint.

Representative for the complainant, Patricia S. Rose, Attorney, submitted a statement in support of complainant's appeal. In her appeal, Complainant stated, in part, that the heart of the federal court litigation focuses on events occurring well before the fall of 2003. In amending her civil court case, Complainant included allegations of harassment and a hostile

P. O. Box 300
DENVER, CO 80201-0300
PH: 303-313-5290
FAX: 303-313-5287

work environment occurring between October 1995 through September 2004. The agency case in which the civil action case is based, as well as the instant case include allegations of harassment and hostile work environment occurring inclusive of dates between October 1995 and September 2004. Moreover, in the instant complaint, Complainant filed her formal complaint alledging that she, "was discriminated against and subjected to harassment and a hostile work environment on the bases of sex and retaliation, as also cited in the civil case.

The requested complaint file is enclosed. The agency notes that appellant failed to submit any argument which would warrant the waiver of the regulations contained in 29 C.F.R. 1614.107(a). For the reasons stated in the Final Agency Decision letter dated June 13, 2005, it is respectfully requested that the Commission affirm the FAD for reasons stated herewith.

Respectfully,

*/s/ Jeri Carldwell*

Jeri Carldwell
Senior EEO Investigator
Western Area

Enclosures
EEO DRS Inquiry Report file

cc: Rosa Gaona, 9951 Stephen Richards Dr., Space 19, Juneau, AK 99801
Rep. Patricia Rosa, Atty., 157 Yestler Way, Suite 503, Seattle, WA 98104
Mgr. EEO Dispute Resolution, Alaska District
File

P.O. Box 300
DENVER, CO 80201-0300
PH (303) 313-5290
FAX (303) 313-5287



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Rec'd
9/20/05

Rosa S. Gaona,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A54490

Agency No. 4E-995-0008-04

## DECISION

Complainant filed a timely appeal with this Commission from the agency's decision dated June 1, 2005, dismissing her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*[1] In her complaint, complainant alleged that she was subjected to discrimination on the bases of race (Hispanic), sex (female), color (Native/Hispanic), disability (Traumatic Stress Disorder and Myofacial Pain Syndrome), and reprisal for prior EEO activity when:

1. On December 4, 2003, complainant was denied reasonable accommodation when her doctor released her to return to work in Douglas, Alaska and management did not return her to work in Douglas, Alaska; and

2. On February 5, 2004, complainant received a letter denying her request for reasonable accommodation.

The agency issued a final decision dismissing the complaint for raising the same matters in a civil action.

---

[1] The agency originally issued a final decision dated April 27, 2005, without containing appropriate appeal rights. On June 1, 2005, the agency issued a Correction to Final Agency Decision informing complainant of the appropriate appeal rights.

2

01A54490

The regulation set forth at 29 C.F.R. § 1614.107(a)(3) provides that the agency shall dismiss a complaint that is the basis for a pending civil action in a United States District Court in which the complainant is a party provided that 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which complainant was a party.

The record indicates that complainant filed a civil action (A04-0118 CV) and two amendments to that civil action in the United States District Court, Juneau District of Alaska. A review of the record reveals that in her second amendment dated September 13, 2004, complainant raised, among other things, the agency's discriminatory denial of reasonable accommodation from November 1995, through September 2004. Therefore, we find that the complaints were properly dismissed pursuant to § 1614.107(a)(3). Accordingly, the agency's decision to dismiss complainant's complaint is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

## RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The

3

01A54490

Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

SEP 1 3 2005
_____
Date

VIA FAX: ORIGINAL TO
FOLLOW BY US MAIL
September 21, 2005

Mr. Richard A. Pomeroy
Assistant United States Attorney
Federal Building and U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567

   Re  *Gaona v. Potter*-ADCt No. A04-114 CV (JKS)

Dear Mr. Pomeroy:

  Thank you for your cooperation in the deposition of my client and accommodating my late appearance in the above-captioned matter. Upon Ms. Gaona's return to her residence after the deposition, she received the enclosed correspondence. It is the OFO Decision regarding the "Douglas case" I referred to earlier that my office received late last week. I will send you copies of the briefing that I wrote on these issues and on the subsequent complaint (O34-07?) as well for your information as well. As you can see, it provides Ms. Gaona again a final right to sue on this matter.

  Given this situation, I do not want to have to initiate a new case every time the OFO reaches the same result. While I would be happy to draft an amended complaint to address these issues, I would prefer to do this as simply as possible. I agree with you that it may be sufficient to prepare a joint status report to the Court indicating that specified allegations will be litigated in the above-captioned matter. I would be willing to prepare a short factual contention on them and if necessary you do a responsive contention. We will likely have to do this for a pre-trial order at some point anyway that replaces the pleadings. The only concession I would want is there be an express agreement that defendant not assert affirmative defenses such as timeliness and/or failure to exhaust administrative remedies on these issues.

  We will discuss this more when I am back in Seattle. I just wanted you to see the first decision to get you up to speed on how they are being processed. Do not hesitate to call if you have questions.

              Very truly yours,

              Patricia S. Rose

Encls

cc: Rosa Gaona

**ALASKA DISTRICT**
**Reasonable Accommodation Committee**
**UNITED STATES POSTAL SERVICE**

February 4, 2004

Rosa Gaona          Certified No.

Dear Ms. Gaona:

Your request for reasonable accommodation has been considered by the Reasonable Accommodation Committee. That request is hereby denied because it has been determined that you do not meet the criteria for reasonable accommodation as defined by the Rehabilitation Act. Inherent in the Act is the requirement that you must be unable to perform an entire class of jobs and/or be unable to care for yourself. The medical information you have submitted indicates that your preference is that you not work in the Juneau Post Office but does not identify a class of jobs and/or personal care that you are unable to accomplish.

Further, even if you met the threshold for accommodation under the Rehabilitation Act, your request to be assigned to the Douglas Post Office could not be honored because all full time positions are available only through the bidding process.

Because you have been unable to work for an extended period of time, you may wish to consider resignation or the pursuit of a medical retirement. If you chose to resign, please forward your resignation to your postmaster. If you are interested in pursuing a medical retirement, please contact Sharon Watson at (907) 564-2957 or the address below.

If you are dissatisfied with the decision you may appeal it within 10 business days by making a written request for reconsideration to Manager Human Resources, Robert Ward. Additional information to support your request may be provided. You will be notified in writing of the decision by Manager of Human Resources, Robert Ward.

If you believe that the action is based in whole or in part on discrimination, you have the right to file an EEO complaint with the Postal Service. To file an EEO complaint you must bring the matter to the attention of Linda Watson, Manager EEO Dispute, 3201 C Street, Suite 506, Anchorage, Ak. 99503, (907) 564-2958 within 45 calendar days of the date of receipt of this decision. The EEO complaint will be processed pursuant to the appropriate regulations (29 CFR Section 1614.302 through 1614.310).

Sincerely,

Ed Roehm.
Coordinator
Reasonable Accommodation Committee

3201 C STREET STE. 506
ANCHORAGE, AK 99503-9401
(907) 564-2952
FAX: (907) 564-2999

EXHIBIT NO. 8

**EXHIBIT NO: 9**