

# National Association of
# Letter Carriers

**Paul Price**
National Business Agent
NALC Region 2
P.O. Box 87386
Vancouver, WA
98687-7386
360.892.6545



MAR 2004
RECEIVED

March 8, 2004

Ms. Patricia McGinty, Manager
Human Resources Western Area - USPS
1745 Stout Street, Suite 600
Denver CO 80299-4000

Dear Ms. McGinty:

Please be advised I am today exercising my prerogative under the provisions of Article 17, Section 2 of the National Agreement to designate letter carrier Jim Raymond from Anchorage, Alaska, for the purpose of investigating and presenting grievance(s) at Informal A and Formal Step A relating to the removal of Rosa Gaona of Juneau, Alaska.

Please contact those individuals necessary so that Mr. Raymond may take up his duties as expeditiously as possible.

Sincerely,

Paul L. Price
National Business Agent

PLP/jp

cc:  Jim Raymond, Vice President, NACL Branch 4319, Anchorage AK
     Rosa Gaona
     Don McQuigg, President, NALC Branch 4319, Anchorage, AK
     Chris Dargan, President
     Postmaster, Anchorage, Alaska
     Postmaster, Juneau, Alaska

**William H. Young**
President

**Jim Williams**
Executive Vice President

**Gary H. Mullins**
Vice President

**Jane E. Broendel**
Secretary-Treasurer

**Myra Warren**
Asst. Secretary-Treasurer

**Fredric V. Rolando**
Director, City Delivery

**Alan C. Ferranto**
Director, Safety & Health

**Brian E. Hellman**
Director, Life Insurance

**Thomas H. Young Jr.**
Director, Health Insurance

**Donald T. Southern**
Director, Retired Members

**Board of Trustees:**
**Larry Brown Jr.,** Chair
**Daniel T. Rapp**
**Randall L. Keller**

Affiliated with the AFL-CIO &
Union Network International



EXHIBIT NO. ___EX. 49___

HUMAN RESOURCES
WESTERN AREA



**UNITED STATES**
**POSTAL SERVICE®**

Date:                    March 22, 2004

MEMORANDUM FOR:          Postmaster
                         Juneau, AK

SUBJECT:                 Steward Certification
                         Article 17, Section 2

Attached is a letter from the NALC National Business Agent certifying the below-named individual to act as a shop steward in accordance with Article 17, Section 2 of the National Agreement. This certification is for the purpose of investigation and processing of grievance(s) through the Formal Step A process for employee Rosa Gaona.

**Jim Raymond**

This certification is effective immediately.

Should you have any questions concerning this matter, do not hesitate to contact me a (303) 313-5642.

Sincerely,

Chris A. Jordan
Labor Relations Specialist
Western Area

cc:    Paul L. Price, National Business Agent, NALC
       Manager, Human Resources, Alaska District
       Manager, Labor Relations, Alaska District
       Postmaster, Anchorage, AK

1745 STOUT ST STE 400
DENVER CO 80299-7501
303-313-5034
FAX 303-313-5665

## POSITION PAGE

Grievance Number JUN 04-101
Grievant:   GAONA, ROSA
Issue:      Grievant received a Notice of Proposed Separation for Medical Disability
            dated 3/2/04 and received on 3/5/04

Violation:   3, 5, 16, 19

Issue Statement:   Did the service violate Articles 3, 5, 16, and 19 of the Agreement
                   and further, did the service have Just Cause to issue the Notice of
                   Proposed Separation dated 3/2/04 to the grievant? If not, what is
                   the appropriate remedy?

### Background

The grievant is a letter carrier at the Federal Building Station in the Juneau installation.
She has been a carrier for nearly eight years all in the Juneau Installation. (3/29/86).

The grievant's filed a OWCP CA-2 claim in 2002 citing Stress related medical disability.
The grievant was last in a pay status on 9/10/2002. OWCP denied the claim and the
grievant filed for an oral hearing. The grievant had her case heard before an OWCP
claims examiner and the subsequently the claim was again denied. The grievant will be
asking for Reconsideration of the decision of the hearing officer.

The grievant's doctor placed restrictions upon the employee as follows:

        The patient not work in the Juneau Post Office.

The grievant prefers to work in the Douglas Post Office.

The grievant requested reasonable accommodation. In a letter dated 2/4/04 from the
DRAC they denied the grievant's requested citing that she did not meet the criteria for
reasonable accommodation as defined by the Rehab Act. The grievant was given the
option of resigning or applying for disability retirement. The decision letter further stated
if the grievant was dissatisfied with the decision, she may appeal within 10 business
days by mailing a request for reconsideration to the Manager of HR. The grievant chose
not to request reconsideration.

In a letter dated 3/2/04, the service now proposes to separate the grievant due to her
medical disability.

### Argument

C-09974 Regional Arbitrator Goldstein April 16, 1990

A separation for physical disability was a disciplinary action within the meaning of Article

NALC Position Page
Grievance #JUN 04-101
Grievant: GAONA, ROSA
Issue: Proposed Separation
Page 2

16; consequently management bears the burden of demonstrating just cause.

1.    Discipline was ordered by higher management, rather than by the grievant's immediate supervisor.

The issuing supervisor is a 204-B and he is merely following his manager's order. He did not conduct a full and fair investigation as required by the agreement. The manager and the supervisor jointly did all of the research and prepared the documents and disciplined proposed for the supervisor to look over.

In an interview with Susan Johnson, the concurring official, she stated that she had requested the letter from labor in Anchorage. As a concurring official, she is to review the file *after* the decision to discipline has been made.

The decision to discharge grievant was not made at the local level; it was made by labor relations officers at the MSC. It is clear that (grievant's immediate supervisor) exercised no independent judgement. When she signed the disciplinary notices, she was following instructions. The evidence does not even suggest that she had or believed she had authority to do anything contrary to MSC directions. She was told that grievant "had to be removed," and from then on the decision was no longer hers. The agreement requires discipline to be proposed by lower-level supervision and concurred in by higher-level authority. The requirement was omitted in this instance. (C#04679)

*[handwritten: Did not say that]*

2.    Due Process Violation

The grievant was not given her day in court. The service violated the grievant's basic due process rights. This violates the provision of the JCAM under Article 16. In an interview with Susan Johnson, Federal Station Manager, she stated she last spoke to the grievant in August of 2002. Clearly, an investigative interview was not held.

When I called to sett up my meetings in Juneau, I spoke with the supervisor Mike Northham. He stated that he has never met the grievant. At the interview, Mike did recall meeting the grievant once at Mendenhall station. At the time he was not her immediate supervisor.

The service made no attempt to conduct a fair or impartial investigation to discover why the grievant did not exercise the options given to her in the letter.

3.    Management failed to properly investigate before imposing discipline.

Before the decision to impose discipline is made, management must conduct a full, fair

NALC Position Page
Grievance #JUN 04-101
Grievant: GAONA, ROSA
Issue: Proposed Separation
Page 3

and impartial investigation, including giving the letter carrier an opportunity to respond to the charges.

The service had the ability to have the grievant come in to conduct the meeting at the Federal Building in a conference room on an upper floor. Even if the restrictions prohibited this, there is Auke Bay Station, Douglas, and Mendenhall Station that could have been used.

4.    The grievant's appeal rights under OWCP have not yet been exhausted.

The grievant cannot be separated while she still has a pending OWCP claim. If the OWCP rules that she has an accepted claim, then the service is liable for the limited duty she was denied.

5.    The service failed to contact the grievant's doctor.

The grievant's doctor wrote that he would discuss the placement of the grievant and provided his number for contact. At no time did the service contact the doctor to explore other options that could have been made available to the grievant.

6.    The service also failed to provide her with any retirement counseling per 365.241 (d).

The grievant has not received retirement counseling. The service could have instructed the grievant to be present at a conference room and the service could have then provided the necessary arraignment.

Remedy

1.    Rescind the Notice of Proposed Separation for Medical Disability issued to the grievant dated 3/2/04.
2.    Remove the Notice of Proposed Separation for Medical Disability from all files, electronic or otherwise.
3.    The Notice of Proposed Separation not be cited or referred to in the future.
4.    Any other remedy deemed appropriate.

Date Informal Step A met on: _____
Informal Step A Supervisor: _____
Informal Step A Answer: _____

NALC/USPS Grievance Settlement

March 31, 2004

N.A.L.C.  Grievance #JUN 04-101
Grievant:    GAONA, ROSA

Issue:    Did the service violate Articles 3, 5, 13, 16, and 19 of the Agreement and
         further, did the service have Just cause to issue the Notice of Proposed
         Separation for Medical Disability dated 03/02/04 to the grievant? If not, what
         is the appropriate remedy?

After a full review of the information, contentions, and arguments submitted at Informal
Step A, the parties have **SETTLED** this grievance.

The service agrees to rescind and remove from all files, the Notice of Proposed
Separation for Medical Disability dated 03/02/04 issued to the grievant. The Notice
of Proposed Separation will not be cited or referred to in any future proceedings or
hearings.


Susan Johnson
U.S. Postal Service
Informal Step A Designee
Juneau, AK

James A. Raymond
N.A.L.C.
Informal Step A Designee
Anchorage, AK

cc:    file


**UNITED STATES**
**POSTAL SERVICE**

March 2, 2004

## NOTICE OF PROPOSED SEPARATION – MEDIDCAL DISABILITY

Certified No.  7003 1010 0003 6314 1334

Return Receipt/Carrier Certification Requested

Rosa Gaona
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
9951 Stephen Richards #19
Juneau, Alaska  99801

This shall serve as advance notice that it is proposed to initiate action to separate you from the Postal Service due to your continued inability to perform the duties of your position because of your medical condition.

## CHARGE:   PHYSICAL INABILITY TO PERFORM THE DUTIES OF YOUR POSITION.

You were hired on (03/29/86) as an (Letter Carrier). You have not worked during the work years of 2003 and to date in 2004. Your last day in a pay status was on September 10, 2002. This proposed action is based on your inability to meet the requirements of the position you were hired for, and your continued absence (without pay) since September 10, 2002.  The Employee and Labor Relations Manual (ELM), at Section 365.342.c, states, in pertinent part:

> "c.    *At the expiration of 1 year's continuous absence without pay, an employee who has been absent because of illness may be separated for disability. This action is not mandatory, however, and if there is reason to believe the employee will recover within a reasonable length of time beyond the 1 year period, the employee may be granted additional leave in 30-day periods, not to exceed 90 days.*

Your absences from work and medical statements indicate that you are permanently unable to perform the essential duties of your position. The applicable physical requirements of your position as a Letter Carrier are:  (Lifting, bending, stretching and standing.)  You have not provided any documentation that you will be able to perform the essential duties of your position within a reasonable amount of time. You have been afforded the opportunity to have your case reviewed by the District Reasonable Accommodation Committee and the results of that review were forwarded to you. The options you and your physician gave the Postal Service as examples of where you could work are not acceptable due to contractual obligations. Your medical status does not meet the requirements for a disability under the

- 2 -

Rehabilitation Act. In addition you were afforded the opportunity to contact Robert Ward, the Manager of HR within 10 business days of your receipt of the notification from the District Reasonable Accommodation Committee and you failed to do so. Thus this action is being initiated.

Again, in accordance with the provisions of the ELM, you are being provided an opportunity to seek a disability retirement (ELM 566.4) from the Postal Service prior to any action being taken to separate you from the Service. Please note that this opportunity shall expire one year after separation (ELM 365.343).

Accordingly Ms. Gaona, it would be in your interest to seek retirement counseling from the Personnel Office of the Alaska District prior to the expiration of 10 days from your receipt of this notification. Should you qualify for disability retirement and submit the appropriate paperwork to proceed with same, no further administrative action would be taken to separate you from the Postal Service. However, should you fail to seek counseling and/or do not seek a disability retirement, and are still unable to return to employment with the Postal Service, action will be taken to proceed with a disability separation. You may contact the Retirement Counselor, in the Personnel Office, by telephone at: (907) 564-2957 or by mail at: USPS Personnel Services, Attn. Retirement Counselor, Sharon Watson ,3201 C st ste 506, Anchorage, Alaska 99503 ; or in person at 3201 C St. ste 506.

You have the right to file a grievance under the Grievance-Arbitration procedures set forth in Article 15, Section 2, of the National Agreement within (14) days of your receipt of this notice.


Michael Northam
Supervisor, Customer Service, Acting
Juneau, Alaska 99801

Susan Johnson
Manager, Customer Service
Juneau, Alaska 99801

cc:    Retirement Counselor, Personnel
       Postmaster
       LR
       Mgr. HR
       OPF

## POSITION PAGE

Grievance Number JUN 04-101
Grievant:   GAONA, ROSA
Issue:      Grievant received a Notice of Proposed Separation for Medical Disability
            dated 3/2/04 and received on 3/5/04

Violation:   3, 5, 16, 19

Issue Statement:    Did the service violate Articles 3, 5, 16, and 19 of the Agreement
                    and further, did the service have Just Cause to issue the Notice of
                    Proposed Separation dated 3/2/04 to the grievant? If not, what is
                    the appropriate remedy?

### Background

The grievant is a letter carrier at the Federal Building Station in the Juneau installation.
She has been a carrier for nearly eight years all in the Juneau Installation. (3/29/86).

The grievant's filed a OWCP CA-2 claim in 2002 citing Stress related medical disability.
The grievant was last in a pay status on 9/10/2002. OWCP denied the claim and the
grievant filed for an oral hearing. The grievant had her case heard before an OWCP
claims examiner and the subsequently the claim was again denied. The grievant will be
asking for Reconsideration of the decision of the hearing officer.

The grievant's doctor placed restrictions upon the employee as follows:

        The patient not work in the Juneau Post Office.

The grievant prefers to work in the Douglas Post Office.

The grievant requested reasonable accommodation. In a letter dated 2/4/04 from the
DRAC they denied the grievant's requested citing that she did not meet the criteria for
reasonable accommodation as defined by the Rehab Act. The grievant was given the
option of resigning or applying for disability retirement. The decision letter further stated
if the grievant was dissatisfied with the decision, she may appeal within 10 business
days by mailing a request for reconsideration to the Manager of HR. The grievant chose
not to request reconsideration.

In a letter dated 3/2/04, the service now proposes to separate the grievant due to her
medical disability.

### Argument

C-09974 Regional Arbitrator Goldstein April 16, 1990

A separation for physical disability was a disciplinary action within the meaning of Article

NALC Position Page
Grievance #JUN 04-101
Grievant: GAONA, ROSA
Issue: Proposed Separation
Page 2

16; consequently management bears the burden of demonstrating just cause.

1.    Discipline was ordered by higher management, rather than by the grievant's
      immediate supervisor.

The issuing supervisor is a 204-B and he is merely following his manager's order. He did
not conduct a full and fair investigation as required by the agreement. The manager and
the supervisor jointly did all of the research and prepared the documents and disciplined
proposed for the supervisor to look over.

In an interview with Susan Johnson, the concurring official, she stated that she had
requested the letter from labor in Anchorage. As a concurring official, she is to review
the file *after* the decision to discipline has been made.

The decision to discharge grievant was not made at the local level; it was
made by labor relations officers at the MSC. It is clear that (grievant's
immediate supervisor) exercised no independent judgement. When she
signed the disciplinary notices, she was following instructions. The
evidence does not even suggest that she had or believed she had
authority to do anything contrary to MSC directions. She was told that
grievant "had to be removed," and from then on the decision was no longer
hers. The agreement requires discipline to be proposed by lower-level
supervision and concurred in by higher-level authority. The requirement
was omitted in this instance. (C#04679)

*[handwritten margin note: Did not say that]*

2.    Due Process Violation

The grievant was not given her day in court. The service violated the grievant's basic
due process rights. This violates the provision of the JCAM under Article 16. In an
interview with Susan Johnson, Federal Station Manager, she stated she last spoke to
the grievant in August of 2002. Clearly, an investigative interview was not held.

When I called to set up my meetings in Juneau, I spoke with the supervisor Mike
Northham. He stated that he has never met the grievant. At the interview, Mike did recall
meeting the grievant once at Mendenhall station. At the time he was not her immediate
supervisor.

The service made no attempt to conduct a fair or impartial investigation to discover why
the grievant did not exercise the options given to her in the letter.

3.    Management failed to properly investigate before imposing discipline.

Before the decision to impose discipline is made, management must conduct a full, fair

NALC Position Page
Grievance #JUN 04-101
Grievant: GAONA, ROSA
Issue: Proposed Separation
Page 3

and impartial investigation, including giving the letter carrier an opportunity to respond to the charges.

The service had the ability to have the grievant come in to conduct the meeting at the Federal Building in a conference room on an upper floor. Even if the restrictions prohibited this, there is Auke Bay Station, Douglas, and Mendenhall Station that could have been used.

4.    The grievant's appeal rights under OWCP have not yet been exhausted.

The grievant cannot be separated while she still has a pending OWCP claim. If the OWCP rules that she has an accepted claim, then the service is liable for the limited duty she was denied.

5.    The service failed to contact the grievant's doctor.

The grievant's doctor wrote that he would discuss the placement of the grievant and provided his number for contact. At no time did the service contact the doctor to explore other options that could have been made available to the grievant.

6.    The service also failed to provide her with any retirement counseling per 365.241 (d).

The grievant has not received retirement counseling. The service could have instructed the grievant to be present at a conference room and the service could have then provided the necessary arraignment.

Remedy

1.    Rescind the Notice of Proposed Separation for Medical Disability issued to the grievant dated 3/2/04.
2.    Remove the Notice of Proposed Separation for Medical Disability from all files, electronic or otherwise.
3.    The Notice of Proposed Separation not be cited or referred to in the future.
4.    Any other remedy deemed appropriate.

Date Informal Step A met on: _____
Informal Step A Supervisor: _____
Informal Step A Answer: _____

NALC/USPS Grievance Settlement

March 31, 2004

N.A.L.C.  Grievance #JUN 04-101
Grievant:    GAONA, ROSA

Issue:    Did the service violate Articles 3, 5, 13, 16, and 19 of the Agreement and further, did the service have Just cause to issue the Notice of Proposed Separation for Medical Disability dated 03/02/04 to the grievant? If not, what is the appropriate remedy?

After a full review of the information, contentions, and arguments submitted at Informal Step A, the parties have **SETTLED** this grievance.

The service agrees to rescind and remove from all files, the Notice of Proposed Separation for Medical Disability dated 03/02/04 issued to the grievant. The Notice of Proposed Separation will not be cited or referred to in any future proceedings or hearings.


Susan Johnson
U.S. Postal Service
Informal Step A Designee
Juneau, AK

James A. Raymond
N.A.L.C.
Informal Step A Designee
Anchorage, AK

cc:    file

**EXHIBIT NO.** EX. 10



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

*received*
*3/23/06*
*ply*

Rosa Gaona,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A60716

Agency No. 4E-995-0036-05

### DECISION

Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim.

In a formal EEO complaint dated September 3, 2005, complainant alleged that she was subjected to discrimination on the bases of disability and in reprisal for prior EEO activity. In an attachment to her formal complaint, complainant stated that on May 10, 2005, her former supervisor approached her in a confrontational manner and yelled at her. Complainant also stated that agency management was aware that complainant was not to work with prior employees, such as the former supervisor, who were associated with a prior EEO complaint that she had pursued. Complainant made reference to an agreement ". . . in which I was going through with the Union, Doctors and Management" and various named officials.

On October 3, 2005, the agency issued the instant final decision. Therein, the agency determined that complainant's complaint was comprised of two claims, that were identified in the following fashion:

1. On May 10, 2005, [her named former supervisor] spoke harshly to her; and

2. On May 10, 2005, a union settlement was violated when she was required to work under [her named former supervisor].

received 3/23/06

2                                                    01A60716

The agency dismissed claim (1) for failure to state a claim, finding that complainant did not suffer any job related loss or injury as a result of the alleged action of her former supervisor.   The agency also dismissed claim (2) for failure to state a claim. Specifically, the agency determined that the EEO complaint process may not be used to attack proceedings in a different forum, and that to pursue her claim, complainant should have pursued it "in the same forum where the settlement was achieved."

The Commission finds that claim (1) fails to state a claim under the EEOC regulations because complainant failed to show that she suffered harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *See Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994).

The Commission also finds that the agency's dismissal of claim (2) was proper.  A fair reading of the claim (2) reflects that complainant claims that the agency violated a union settlement agreement when requiring her to work under her former supervisor.  The proper forum where complainant should have raised the matter addressed in claim (2) was within the grievance process.  *See Kleinman v. United States Postal Service*, EEOC Request No. 05940585 (September 28, 1994); *Lingad v. United States Postal Service*, EEOC Request No. 05930106 (June 24, 1993).

Accordingly, the agency's final decision dismissing complainant's complaint is **AFFIRMED**.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration

*recieved 3/23/06 RW*

3                                                    01A60716

of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

MAR 1 7 2006
Date

*received 3/23/06 RG*

4                                                                01A60716

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.  I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAR 1 7 2006
_____
Date

_____
Equal Opportunity Assistant

RECEIVED

FEB 27 2006

LAW OFFICE OF
PATRICIA S. ROSE

EEO COMPLIANCE & APPEALS
WESTERN AREA


**UNITED STATES
POSTAL SERVICE**

February 21, 2006

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations
Equal Employment Opportunity Commission
PO Box 19848
Washington, DC  20036

Certified Mail No.: 7003 2260 0001 7800 3087
RETURN RECEIPT REQUESTED

Dear Mr. Barnhart:

The Agency is submitting the EEO complaint file, as requested by your office for the
following individual(s):

| COMPLAINANT | DOCKET NUMBER | AGENCY NUMBER | APPEAL FILED |
|---|---|---|---|
| Rosa Gaona | 01A60716 | 4E-995-0036-05 | 11/08/05 |

The Agency issued a Final Agency Decision (FAD) for the above-referenced complainant on
the basis of failure to state a claim. Complainant Gaona claimed discrimination based on
two incidents, one in which comments were made to her by her supervisor and the other
incident in which she claims a union grievance settlement was violated. In the one claim,
Complainant provided no evidence as to how she was harmed as to a term and condition of
her employment when her supervisor spoke "harshly" to her. In relation to the second claim,
Complainant utilized the EEO process inappropriately as a collateral attack against a
different forum in her claim that her union grievance was violated. Accordingly, this claim
was dismissed for failure to state a claim for collateral attack.

Complainant Gaona submitted a statement in support of her appeal, which provided no new
evidence in the way of argument in relation to either of her claims.

The requested complaint file is enclosed. The agency notes that appellant failed to submit
any argument which would warrant the waiver of the regulations contained in 29 C.F.R.
1614.107(a). For the reasons stated in the Final Agency Decision letter dated October 3,
2005, it is respectfully requested that the Commission affirm the FAD for reasons stated
herewith.

*Geri Carldwell*

Geri Carldwell
EEO Compliance and Appeals Specialist
EEO Field Operations - Western Area

P. O. Box 300
DENVER, CO 80201-0300
PH: 303-313-5290
FAX: 303-313-5287

Enclosures
  EEO DRS Inquiry Report file

cc:     Rosa Gaona, 9951 Stephan Richards Dr., #19, Juneau, AK 99801-7714
        Rep. Patricia Rose, Atty, 157 Yesler Way, #503, Seattle, WA 98104
        Alaska District EEO Office
        File



RECEIVED

OCT 07 2005

EEO COMPLIANCE & APPEALS
WESTERN AREA

LAW OFFICE OF
PATRICIA S. ROSE



*UNITED STATES*
*POSTAL SERVICE*

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

| | |
|---|---|
| **Rosa Gaona**<br>**9951 Stephan Richards Dr #19**<br>**Juneau, AK  99801-7114**<br>**Complainant**<br><br>v.<br><br>**John E. Potter**<br>**Postmaster General**<br>**Respondent** | **Agency No. 4E-995-0036-05**<br><br>**Date Formal Filed September 3, 2005**<br><br><br>**Certified No. 7003 2260 0001 7802 6543**<br><br>OCT 0 3 2005 |

### DISMISSAL OF COMPLAINT

This will be the Postal Service's final agency decision on the above-referenced complaint of discrimination filed on September 3, 2005 when you alleged discrimination based on physical disability (not cited), and retaliation (prior EEO activity) in that:

1. on May 10, 2005, Supervisor Saceda spoke harshly to you, and
2. on May 10, 2005, a union settlement agreement was violated when you were required to work under former Supervisor Saceda.

Pursuant to 29 C.F.R. § 1614.107(a), the agency has the right to dismiss a complaint if a complainant fails to state a claim under Sections 1614.103 or 1614.106(a).   Specifically, those sections of the Equal Employment Opportunity Commission (EEOC) Regulations provide for the processing of complaints of discrimination filed with the agency that allegedly discriminated against the complainant when the aggrieved individual alleges discrimination based on factors prohibited by Title VII.  Inherent in these regulations is the requirement that the complaining party alleges that he is an aggrieved person who was injured because of an agency action or lack of action.

In Hackett v. McGuire Bros., Inc., 445 F. 2d 447 (3rd Cir. 1971), the court enunciated that a complainant must point to "an injury in fact" in order to be aggrieved.  While the regulations do not define the term "aggrieved employee" courts have interpreted

- 2 -

it to mean an employee who has suffered a personal loss or harm with respect to a term, condition, or privilege of employment.  See Trafficante v. Metropolitan Life Insurance So., 409 U.S. 205 (1972).

## Issues 1

Review of your case file reveals that you alleged discrimination Supervisor Saceda spoke harshly to you.  There is no evidence that this inaction has caused you to suffer any measurable personal harm, i.e., no discipline was issued, you suffered no monetary loss, there were no changes in your hours, wages and/or other terms and conditions of employment.  Further, the Equal Employment Opportunity Commission (EEOC) has held that an allegation of disparate treatment without a statement of personal loss or harm no longer may be sufficient to state a claim for relief.  See Graham v. U.S. Postal Service, EEOC Request No. 05931107 (February 17, 1994). Accordingly issue1, is dismissed for failure to state a claim under 29 C.F.R. § 1614.107(a)(1).

## Issue 2

In issue 2, you alleged discrimination when a union settlement agreement was violated when you were required to work under former Supervisor Saceda. The Commission has held that the EEOC process may not be used to attack proceedings in a different forum.  See Harmon v. Department of the Treasury, EEOC Request No. 05970596 (May 8, 2003); Wills v. Department of Defense, EEOC Request No. 05970596 (July 30, 1998)  To pursue your claim, you would have to lodge it the same forum where the settlement was achieved.  See Brown v. U.S. Postal Service, EEOC Appeal No. 01A50316 (March 31, 2005)  Accordingly issue2, is dismissed for failure to state a claim under 29 C.F.R. § 1614.107(a)(1).

In accordance with the above mentioned regulations, EEO Case Number 4E-995-0036-05 is dismissed.

## Right to File a Civil Action

If you are dissatisfied with this final agency decision, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of this decision. If you choose to file a civil action, that action should be captioned (Your Name) v. (Head of Agency). You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

- 3 -

Appeal to the EEOC

In lieu of filing a civil action, you may appeal to the Equal Employment Opportunity Commission within 30 calendar days of the date of your receipt of this decision. The appeal must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing the enclosed Form 3573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Any supporting statement or brief must be submitted, in duplicate, to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the Manager EEO Compliance and Appeals, PO Box 300, Denver, CO 80201-0300. Failure to file within the 30-day period could result in the EEOC's rejection of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision from the Office of Federal Operations. A civil action may also be filed after 180 calendar days of the appeal to the EEOC if you have not received a final decision on the appeal.

Sincerely,

Virginia L. Montoya
Senior EEO Investigator

cc:    Patty Rose, Attorney, 157 Yestler Way. Suite 503, Seattle, WA  98104
       Manager EEO Dispute Resolution Alaska
       File

Enclosures
   EEOC Form 3573