NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567
(907) 271-5071
(907) 271-2344 fax
richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA,<br><br>       Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>       Defendant. | Case No. 3:04-cv-118-JKS<br><br>**OPPOSITION TO MOTION TO REOPEN DISCOVERY** |

      Defendant opposes Plaintiff's motion, brought pursuant Fed.R. Civ. P. 56(f), to reopen discovery. Plaintiff seeks to reopen discovery, which closed June 30, 2006, in order to interview or depose James Kammermayer, the Defendant's representative at the administrative hearing. See Dockets 54, 55, and 57[1]. Plaintiff motion is without merit and should be denied

---

[1] Defendant has separately moved to strike Docket 57. See Docket 60. The arguments that Plaintiff makes in Docket 54 are not materially different than those repeated in Docket 57.

## DISCUSSION

Civil Rule 56 provides that

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Ms. Gaona asks to reopen discovery to depose James Kammermeyer, who presented the defendant's case against her at the administrative hearing. Ms. Gaona has not explained why she did not depose or interview Kammermeyer when discovery was open. She does not describe the nature of the information she expects to obtain from Kammermeyer if the motion were granted. Gaona does not meet the requirements for obtaining relief under Rule 56(f).

The parties filed their initial plan for discovery on March 23, 2005, and the court entered a scheduling and planning order reflecting that plan. Docket 21. On May 17, 2005, Defendant provided plaintiff its initial disclosures and preliminary witness list, which included Jim Kammermeyer. Exhibit A at 3. Kammermeyer was identified as a Labor Relations Specialist for the Postal Service. Defendant stated that "As the Agency Representative at the EEO hearing, Mr. Kammermeyer is highly knowledgeable about Plaintiff's EEO complaints." Id.

Discovery was originally scheduled to end December 31, 2005. See Docket 21. The parties agreed to extend discovery six months, so as to be completed by June 31, 2006. See Docket 24. During the fourteen months of discovery, plaintiff noticed no depositions. She did not attempt to

contact or depose Kammermeyer, despite being aware of his existence and that he might have knowledge about her case. Now, four and a half months after discovery closed, and two and a half months after Defendant filed its motion for summary judgment, she seeks to reopen discovery to depose Mr. Kammermeyer.

Plaintiff's representation that "[t]his witness was located after discovery cut-off"[2] is inexplicably incorrect. He was identified by Defendant 18 months ago. The undersigned was never contacted by Plaintiff or her counsel during discovery with a request to interview or depose Kammermeyer.

Federal Rule of Civil Procedure 56(f) permits a district court to allow additional discovery in response to a properly supported motion for summary judgment when the opposing party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition . . . ." The Ninth Circuit has stated that "[w]e will only find that the district court abused its discretion if the movant diligently pursued [his] previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994); Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir.1996). Gaona has done neither. She has offered no reason why she did not diligently pursue discovery while it was open. She has not explained what information she expected to glean from Mr. Kammermeyer, nor has she explain how that information would effect her opposition to summary judgment.

---

[2] Docket 54 at 10.

## CONCLUSION

Plaintiff's motion to reopen discovery pursuant to Rule 56(f) is without merit and should be denied.

Respectfully submitted this 27th day of November, 2006, in Anchorage, Alaska.

>  NELSON P. COHEN
>  United States Attorney
>
>  s/Richard L. Pomeroy
>  Assistant U.S. Attorney
>  222 West 7th Ave., #9, Rm. 253
>  Anchorage, AK 99513-7567
>  Phone: (907) 271-5071
>  Fax: (907) 271-2344
>  E-mail: richard.pomeroy@usdoj.gov
>  Alaska Bar No. 8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2006,
a copy of the foregoing  OPPOSITION TO MOTION
TO REOPEN DISCOVERY was served electronically on
Patricia S. Rose.

s/ Richard L. Pomeroy