TIMOTHY M. BURGESS
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567
(907) 271-5071
(907) 271-2344 fax
richard.pomeroy@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>    Defendant. | Case No. A04-114 CV (JKS)<br><br>**DEFENDANT'S INITIAL DISCLOSURES** |

In fulfillment of its Fed. R. Civ. P. 26(a)(1)(A) disclosure obligation, Defendant, through counsel, submits the following list of the names, and where available to the defense, the last known addresses and telephone numbers of potential witnesses in this case:

1. Rosa Gaona
   9951 Stephen Richards Dr., Space # 19
   Juneau, AK 99801

Ms. Gaona is the plaintiff in this case.

EXHIBIT A

2. Linda Secor
   Rural Carrier
   Mendenhall Facility
   PO Box 39998
   Juneau, AK 99803-9998

Ms. Secor appeared as a witness for Plaintiff at her EEO administrative hearing.

3. James Donaghey
   Postmaster of Juneau (retired)
   PO Box 34513
   Juneau, AK 99803-4513

As Postmaster, Donaghey supervised Ms. Hicks and Ms. Vincent. His testimony would be consistent with his testimony in the administrative hearing. Mr. Donaghey now works for the Catholic Diocese in Juneau.

4. Gethsemane (Dailang) Saceda
   Supervisor, Customer Service
   Mendenhall facility
   PO Box 39998
   Juneau, AK 99803-9998

Ms. Saceda is Plaintiff's first line supervisor at the downtown station. Ms. Saceda required further medical documentation for Plaintiff's return to work in 1997.

5. Sandra Hicks
   General Clerk
   Mendenhall Facility
   PO Box 39998
   Juneau, AK 99803-9998

Ms. Hicks was formerly the manager at the Mendenhall facility.

6. Daniel Kelly
   Postmaster
   PO Box 9998
   Victor, ID 83455-9998

Mr. Kelly was an acting manager at the downtown post office in Juneau. In that capacity he issued a letter of warning to Plaintiff for not following his instruction to remove her car from the car pool area of the employee parking lot.

EXHIBIT A

7.  Ruth Vincent
    Manager, Customer Service
    Mendenhall Facility
    PO Box 39998
    Juneau, AK 99803-9998

Former station manager at the downtown post office.

8.  Ron Ahrens
    Postmaster
    200 N. Main Street
    Elinwood, KS 67526

Mr. Ahrens is a former co-worker of the Plaintiff. He was also her 204(b) supervisor. He changed Plaintiff's work duties in December, 1999 and charged her as absent without leave when she called in for emergency leave to care for her cat.

9.  Jewelle Shoemake
    Human Resources Specialist
    4141 Postmark Dr.
    Anchorage, AK 99502

Ms. Shoemake provided the Injury Compensation files.

10. Linda Watson
    Manager, EEO Dispute Resolution
    4141 Postmark Dr.
    Anchorage, AK 99502

Ms. Watson is highly knowledgeable about Plaintiff's EEO complaints.

11. Jim Kammermeyer
    Labor Relations Specialist
    4141 Postmark Dr.
    Anchorage, AK 99502

As the Agency Representative at the EEO hearing, Mr. Kammermeyer is highly knowledgeable about Plaintiff's EEO complaints.

12. All witnesses identified by Plaintiff.

13. Any rebuttal witnesses.

14. Any witnesses identified during the course of discovery.

EXHIBIT A

Pursuant to Civil Rule 26(a)(1)(B), each party has the documents that were identified and are part of the administrative hearing and the agency EEO file. The documents in the possession of the defendant are being provided to Plaintiff in electronic format on a CD-ROM. The Adobe Acrobat files are organized under the following sub-folders:[1]

Critical Documents - contains documents regarding Plaintiff's employment in 2004 and her light duty assignment. There are 4 documents totaling 44 pages.

DRAC - includes documents the committee used to determine that Plaintiff was not entitled to reasonable accommodation. One document containing 156 pages.

EEO Case No 4E-995-0007-98 - This EEO Complaint file is regarding Plaintiff's failure to provide sufficient medical documentation to return to work in September, 1997. There are seven documents totaling 231 pages.

EEO Case No 4E-995-0008-00 - This EEO Complaint file is regarding Plaintiff's allegation concerning a confrontation with a supervisor in February, 2000; a letter of warning in February, 2000; and her June, 2000 allegation that she was not provided reasonable accommodation. There are 10 documents totaling 344 pages.

---

[1] The term "document" used to describe the materials being provided on CD-ROM refer to individual PDF files. Each PDF "document" may contain several different documents.

EXHIBIT A

EEO Case No 4E-995-0008-04 - This EEO Complaint was filed in 2004. Administrative remedies have not been exhausted. There is one document totaling 51 pages.

EEO Case No 4E-995-0008-98 - Acknowledgment Order. Remaining file to be produced when received. This case was not consolidated with the other two EEO cases and was not presented to ALJ Carroll. The case number erroneously appears on the Hearing Decisions, and the Notice of Final Action. There is one document totaling 17 pages. This file will be supplemented because it is not the complete record.

EEO Case No 4E-995-0025-98 - This EEO Complaint was filed when Plaintiff was denied advance sick leave and later put on restricted sick leave status. There are 10 documents totaling 163 pages.

FMLA - file contains notes, 3972s and correspondence regarding Plaintiff's attempts to request FMLA-protected leave. One document totaling 16 pages.

Grievance - contains the grievance filed regarding the Notice of Proposed Removal issued in early 2004. One document totaling 8 pages.

Injury Comp - file contains Plaintiff's claims for workers' compensation maintained by the Defendant's Injury Compensation Department. There are 10 documents totaling 1197 pages.

Medical File - contains the records maintained by the medical unit and used by the DRAC. One document totaling 56 pages.

NLRB - file contains Plaintiff's charge filed with the NLRB in 2002 and her related grievance. One document totaling 34 pages.

OFO - Hearing transcript, Bench decision, Plaintiff's appeal to OFO, Agency response, and OFO decision/Notice of Final Action issued October 2, 2002. Six documents totaling 419 pages.

OPF - Plaintiff's Official Personnel File. One document totaling 107 pages.

These disclosures will be supplemented as required.

As the Defendant has made no claim for damages, the disclosure requirements imposed by Civil Rule 26(a)(1)(C) are inapplicable in this case.

Pursuant to Civil Rule 26(a)(1)(D), please be advised that no policy of private insurance is known to exist which may provide coverage for the events alleged in the complaint.

At this time, the Defendant has retained no experts with respect to this matter. Disclosure of the names and other pertinent information of experts will be made pursuant to the scheduling and planning order as experts are identified and retained.

Respectfully submitted this 16th day of May, 2005, in Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney

EXHIBIT A

I declare under penalty of perjury that a true and correct copy of the foregoing Defendant's Initial Disclosures was sent to the following via:

(X) U.S. Mail
( ) Certified U.S. Mail
( ) FAX
( ) Hand Delivery
( ) Messenger

Rosa Gaona
9951 Stephen Richards Dr., Space # 19
Juneau, AK 99801

Executed at Anchorage, Alaska, on May 17, 2005.

_____
Office of the U.S. Attorney

7

EXHIBIT A