NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567
(907) 271-5071
(907) 271-2344 fax
richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA,<br><br>          Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>          Defendant. | Case No. 3:04-cv-118-JKS<br><br>**OPPOSITION TO MOTION TO AMEND COMPLAINT** |

Defendant opposes Plaintiff's motion to file a Third Amended Complaint. See Dockets 54, 55, and 57[1]. Plaintiff seeks to amend her complaint over four months after the close of discovery in an attempt to avoid summary judgment. This request should be denied.

Defendant filed a motion for summary judgment which argues, in part, that summary

---

[1] Defendant has separately moved to strike Docket 57. See Docket 60. The arguments that Plaintiff makes in Docket 54 are not materially different than those repeated in Docket 57.

judgment is appropriate because additional claims that Plaintiff wants to bring are time barred and have not been pled in the present action. Docket 32 at 9. In response, Plaintiff has moved to amend her complaint to plead these additional causes of action. This late request does not meet the standards found in Civil Rule 15 which would permit amendment of a complaint at this late stage of the litigation. Amendment will cause an undue delay and prejudice the Defendant.

## FACTUAL BACKGROUND

Over a year ago, plaintiff indicated that she intended to amend her complaint. When stipulating to extend discovery, she represented to this Court that

> The parties also contemplate that, with the issuance of "Right to Sue" notices to Plaintiff by the EEOC on the two EEO complaints, Plaintiff will be filing an amended complaint to state more concisely the plaintiff's theories of recovery as well as to incorporate these additional claims.

Docket 24 at 2. However, plaintiff never moved to amend. Discovery closed. Defendant filed its motion for summary judgment, based in part on Plaintiff's failure to amend her complaint to include her additional claims. Now, in opposing that summary judgment motion, she tardily moves to amend her complaint. For support, she states that

> Here, the Defendant has continually represented that certain issues were being litigated in this case and it should be estopped from asserting any alleged failure of plaintiff to wholly exhaust administrative remedies on each of her major complaints relating to the ongoing failure to accommodate and hostile work environment by that failure. See Gaona Declaration.

Docket 54 at 10.  Plaintiff does not provide any citation for support of this claim.  Gaona's declaration, including exhibits, is 87 pages.  The only relevant section of her declaration states

> I filed an EEO complaint that, with my current lawyer, I exhausted to the EEOC's Office of Federal Operations.  When I received the paperwork denying it again, I purposefully did not file a new law suit on it because the Post Office had informed me in the appeal process that they considered the issues as already addressed in this litigation.

Docket 53 at ¶ 15.

The paperwork to which Plaintiff refers is the "Right to Sue" letter referred to in the stipulation to extend discovery deadlines, where Plaintiff said that she would amend her complaint to incorporate her new claims.  Docket 24 at 2.  This was received a year ago.  There is no reason that Plaintiff could not have timely moved to amend her complaint at that time.  A year later, her request to amend is untimely and should be denied.

## DISCUSSION

Although leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), it "is not to be granted automatically." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990).  A district court may deny a motion for leave to amend if permitting an amendment would, among other things, cause an undue delay in the litigation or prejudice the opposing party. Id.

Courts have denied motions to amend to add new causes of action after the close of discovery.  In Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002),

the Court affirmed denial of a motion to amend that was filed "only several days before the discovery cut-off and less than three months before trial was to commence." The district court's finding that an amended pleading would have prejudiced defendant was also affirmed. The proposed amended complaint in Zivkovic would have added causes of action that would have required further discovery. Discovery was to close five days after the motion to amend was filed. The requirement of additional discovery would have prejudiced the defendant and delayed the proceedings. See also Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir.1998) (affirming the district court's denial of motion to amend pleadings filed on the eve of the discovery deadline).

In the present case, plaintiff's motion to amend was not filed on the eve of the close of discovery, it was filed well past midnight – four and a half months after discovery closed. Amendment would require reopening discovery, revision of witness lists to add these new alleged acts of discrimination. Essentially, the parties would need to begin everything over, since even the plaintiff would need to be re-deposed to explore these additional events.[2] The cost and delay would prejudice the Defendant.

Plaintiff does not attempt to explain her failure to amend during discovery. Although delay is not a dispositive factor in the amendment analysis, it is relevant. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). Delay has especially been found to be relevant when no reason is given for the delay. Swanson v. United States Forest Serv., 87 F.3d 339, 345 (9th Cir.1996). Late amendments to assert new theories are not reviewed favorably when the facts and

---

[2] At the Plaintiff's deposition, the undersigned reserved the right to continue Ms. Gaona's deposition if she filed an amended complaint to add new causes of action. See Exhibit A at 147-48.

Gaona v. Potter
Case No. 3:04-cv-00118-JKS                    4

the theory have been known to the party seeking amendment since the inception of the cause of action. Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986); Stein v. United Artists Corp., 691 F.2d 885, 898 (9th Cir.1982). Gaona's motion to amend came over four months after the close of discovery. It was filed over a year after the facts and theory that she wants to assert were known to her. If Gaona's motion were granted, discovery would need to be reopened and therefore the proceedings would be delayed. These consequences support a finding of prejudice from a delayed motion to amend the complaint. Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir.1998).

Bad faith on the part of the moving party also supports denying the motion to amend. Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 861 (9th Cir.1999). A party facing a summary judgment motion who sought to amend its complaint to add causes of action on which discovery had not been undertaken, might reflect bad-faith on the part of the moving party. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). The facts of the present case mirror those of Lockheed, providing one additional reason that Gaona's motion should be denied.

## CONCLUSION

For the foregoing reason, Gaona's motion to file a Third Amended Complaint should be denied.

\ \

\ \

\ \

Respectfully submitted this 27th day of November, 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Richard L. Pomeroy
RICHARD L. POMEROY
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No. 8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2006,
a copy of the foregoing OPPOSITION TO MOTION
TO AMEND COMPLAINT as served electronically on
Patricia S. Rose.

s/ Richard L. Pomeroy