LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964
206) 622-2593 fax
prose83897@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>        Defendant. | Case No.  3:04-cv-00118-JKS<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE DOCKET NO. 57, PLAINTIFF'S SUMMARY JUDGMENT RESPONSE |

## I.    INTRODUCTION

Defendant has filed a motion to strike plaintiff's supplemental response, Docket 57, which was filed in opposition to Defendant's Motion for Summary Judgment that was filed on November 13th 2006.  Plaintiff would have the Court review that pleading rather than the two filed on

Plaintiff's Response to Defendant's
Motion to Strike Docket 57-1

November 12th 2006. While the factual record opposing the motion remains the same, the supplemental response more fully articulates Plaintiff's substantive legal position and if concerns remain as to judicial economy, it can properly and should replace the filings at Docket Nos. 54 and 55 in full.

## II.    ARGUMENT

### A.    DOCKET ENTRY NO. 57 SHOULD BE VIEWED AS THE PLAINTIFF' TIMELY FILED AND SUBSTATNIVE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF ALL CLAIMS WHEN THERE IS NO SHOWING OF PREJUDICE OR ATETMPT TO DECEIVE THE COURT OR COUNSEL AS TO HER INTENT.

As the Court is well aware, plaintiff is required to oppose a motion for summary judgment admissible evidence in the form of affidavits or other forms of admissible evidence that will create a genuine issue of material fact on the merits of plaintiff's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-223. Evidence must be sufficiently probative of disputed facts that it would allow a reasonable fact –finder to render verdict in favor of plaintiff as the non-moving party here. . *See e.g. Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). She met this burden by timely submitting on November 10th 2006 various forms of declaration testimony with exhibits. See Docket Nos. 43-53. . She also produced a brief argument and articulation in support of her theories of relief as support for her opposition and motion to amend her complaint on that date, i.e. Docket Nos. 54-55.

It is the latter documents that she supplemented. She did so after meeting the Court 'so November 10th 2006 order date but after discovery that November 10th 2006 was a court holiday and that November 13th 2006 was a proper filing day  As can be discerned from a superficial review, Docket No. 57 is simply an expansion of the arguments and authority outlined in the earlier pleading.

Plaintiff's Response to Defendant's
Motion to Strike Docket 57-2

There is no prejudice to defendant for having to respond by review of few additional decisions and/or examples of case law. that states the relevant standards on plaintiff's hostile work environment, disability accommodation and disparate treatment claims. There is neither any truly "new" argument nor additional testimony offered that would prejudice them that would warrant striking Docket No. 57    from the record. A cursory review will show that Docket No. 57 simply amplifies and further provides support for the arguments outlined in Docket Nos. 54 and 55 and should be the logical pleading to remain in the record.

### B.    THE SUPPLEMENTAL PLEADING WAS TIMELY FILED UNDER LRs 5 AND 6 AND FED R. CIV. PRO 5 AND 6

The Court's order directed plaintiff to file her response to the defendant's Motion for Summary Judgment by November 10th 2006. Plaintiff attempted to contact both counsel and the Court that day and learned in the middle of that day that it was in fact a federal holiday in observation of Veteran's or Armistice Day and a court holiday as noted on the Court's website. . Under Fed. R. Civ. Pro 6(a), which includes Veteran's Day in the list of recognized legal holidays, an additional day is granted in such circumstances to ensure proper filing. Local Rule 5 and 6 track their complements in the Federal Rules of Civil Procedure.

### C.    DEFENDANT IS PROVIDED AMPLE OPPORTUNTIY TO REPLY TO THIS ARGUMENT AND PLAINTIFF WILL STIPULATE TO STRIKING OF DOCKET NOS. 54 AND 55 TO AVOID CONFUSION

Plaintiff does not anticipate significant confusion was caused by her actions. To ensure that , this filing today is being made with ample time to offer defendant an opportunity for substantive reply on the merits or to stipulate to striking of Docket Nos. 54 and 55 before the December 15th 2006 deadline recently granted by the Court.. Even in the absence of defense counsel's stipulation,

Plaintiff's Response to Defendant's
Motion to Strike Docket 57-3

obviously, if the Court wishes to maintain a clearer record, it may sua sponte strike Docket Nos. 54 and 55 as surplusage at this point. A proposed form of Order is attached.

Respectfully submitted this 13th day of December, 2006, in Seattle, Washington.

LAW OFFICE OF PATRICIA S.ROSE

s/
PATRICIA S. ROSE, WSBA #19046
Attorney for Plaintiff

I declare under penalty of perjury that prior to filing this response a true and correct copy of the foregoing was sent to the Office of the U.S. Attorney via:

(x ) email
(x) fax

s/
Patricia S. Rose

Plaintiff's Response to Defendant's
Motion to Strike Docket 57-4