NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA, ) | |
| ) | Case No. 3:04-cv-00118-JKS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPLY TO OPPOSITION TO MOTION** |
| ) | **FOR SUMMARY JUDGMENT** |
| JOHN E. POTTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Plaintiff, Rosa Gaona, opposes Defendant's motion for summary judgment. Docket 54.[1]

She argues that there are factual issues that preclude summary judgment, but she does not

identify what those issues are. She argues that judgment is not legally proper, but she does not

---

[1]     Plaintiff filed an errata at Docket 55. Docket 55 appears to be identical to Docket 54, thus the former filing will be referred to throughout this reply. Plaintiff also filed, out of time, a supplemental opposition at Docket 57 which raised new arguments. Defendant has separately moved to strike this untimely pleading. See Docket 60.
    She also seeks leave to file a Third Amended Complaint and to reopen discovery. Docket 54. These two motions, imbedded within her opposition, have previously been opposed. See Docket 61, 62.

provide citation for support.  As explained below, her arguments in opposition lack merit.  Summary judgment should be granted.

Ms. Gaona incorrectly argues that summary judgment is disfavored or inappropriate in employment discrimination cases.  As in other types of cases, summary judgment is used by the courts in employment discrimination cases where appropriate.  See, e.g., Summar v. Potter, 355 F. Supp.2d 1046 (D. Alaska, 2005); Mun v. University of Alaska at Anchorage, 378 F.Supp.2d 1149, (D. Alaska 2005); Derendinger v. Kiewit Const. Co., 272 F. Supp. 2d 850 (D. Alaska, 2003).  The legal standard for summary judgment in a discrimination case is no different than for any other case.

Defendant's motion for summary judgment argued that Ms. Gaona has not met her burden of proof in establishing a prima facie case for some claims or that she exhausted administrative remedies for other claims.  In offering opposition, Ms. Gaona mistakes what her burden is in opposing a summary judgment motion in federal court.  When she bears the burden of proof at trial as to an element that is essential to her case, in this instance establishing a *prima facie* case under the McDonnell Douglas[2] framework or establishing a timely asserted claim, she must  make a showing sufficient to establish her initial burden.  If there is not a genuine disputable fact with respect to her inability to meet her burden as to that element, summary

---

[2]  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  A prima facie case under McDonnell Douglas is one in which plaintiff has met his immediate burden of production, but not necessarily his ultimate burden of persuasion.

judgment is indeed appropriate.  See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552-53 (1986).  To withstand a motion for summary judgment, as the non-moving party, she must show there are genuine factual issues which can properly be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511 (1986).  If the factual context makes her claim implausible, she must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356 (1986).  Ms. Gaona has failed to meet her burden in opposing the motion for summary judgment.

      Although she has provided this court with a melange of declarations and pleadings, Ms. Gaona has not offered any evidence that rebuts the government's basis for seeking summary judgment.  Some of the Defendant's arguments went unaddressed.  Merely offering evidence that she was an unhappy employee for many years who had difficulty with almost every manager who supervised her is not evidence of actionable discrimination.  Below is an examination of the arguments that Defendant raised in its motion and what, if any, response to those arguments Plaintiff has offered.

      The first point in Defendant's motion for summary judgment was that Ms. Gaona only exhausted administrative remedies for nine claims and that she had not exhausted remedies or timely filed other, subsequent claims that she now seeks to assert.  Ms. Gaona responded to this argument by moving to amend her complaint to add those other claims.  Defendant has opposed that motion separately and those arguments against allowing a severely untimely and prejudicial amendment need not be repeated here.  See Docket 62.  Gaona offers no explanation or argument

for why she did not amend her complaint or add new claims as they became ripe. Those claims for which administrative remedies were not exhausted should be dismissed.

The second point that Defendant made was that Ms. Gaona did not make out a *prima facie* case of disability discrimination because her back strain/myofacial pain syndrome did not meet the definition of a disability.[3] In response, she merely asserts that "Defendant should be stopped from even arguing that plaintiff is not a person with a disability particularly when its agents attempted to remove her from her job ostensibly because her disabilities prevented her from doing the essential functions of her job." Docket 54 at 8-9. No further explanation or reference to evidence is offered. A single, conclusory sentence does not meet her burden of presenting evidence to refute the evidence of Plaintiff's own admission that her back pain did not equal an impairment of a major life activity.[4]

The third point that Defendant made was that Ms. Gaona did not make out a *prima facie* case of discrimination because she did not show that she suffered a negative employment action. She did not respond to that argument.

The fourth point that Defendant made was that Ms. Gaona did not make out a *prima facie* case of discriminatory retaliation and that the Postal Service had legitimate, non-discriminatory reasons for the actions it took in denying sick leave or asking for additional documentation. She did not respond to that argument or attempt to try to show, as she is required to do under the

---

[3] Any claims of disability due to post traumatic stress disorder were not administratively exhausted or timely filed with this court.

[4] Ms. Gaona's dismissive comments concerning the lack of evidence presented on attempts to accommodate her overlook the fact that evidence of reasonable accommodation only comes into play once she bears her burden of showing that she is disabled.

Gaona v. Potter
Case No. 3:04-cv-00118-JKS     4

McDonnell Douglas test, that the proffered reasons of the Defendant were a mere pretext for discrimination..

The fifth point that Defendant made was that Ms. Gaona did not make out a claim of a hostile workplace based on one of Title VII's protected categories. She claims that there are genuine issue of material facts concerning her claim of a hostile workplace. However, the hostility she describes – that "agents of the Postal Service repeatedly made derogatory remarks about Plaintiff to one another and in the presence of her coworkers indicating that she was a 'problem' employee, a 'troublemaker', 'nothing but trouble' and 'trying to stir things up'"[5] – actually reinforces Defendant's point, that the hostility that she claims to have experienced was not due to impermissible discriminatory motives. By her own admission she "vocally supported the rank and file employees in forwarding grievances to management regarding working conditions including inappropriate actions by a fellow Union member and intermittent acting supervisor, Stuart Akagi." Docket 54 at 2. She claims that her own union president, who is not a postal service official, wanted to see her fired. Docket 53 at ¶ 10. Mary Jordan states that former Juneau Postmaster James Donaghey suggested that "people 'work better when they have been stirred up'" and that "people work better when they are mad about something." Docket 56 at ¶ 2. Jordan also reports that the confidential, derogatory comments made about Ms. Gaona were that "she can't do her job, that she is lazy and can't do her route." Id. at ¶ 4. Susan Hall states that "management generally say Rosa as a disgruntled employee who was just using her medical condition to abuse the system." Docket 43 at ¶ 2. She also observed that "Rosa was continually labeled as a troublemaker for standing up for her rights as provided in her Union

---

[5] Docket 54 at 3-4

contact." Id. at ¶11.  Ranae Davis suggests that Postmaster Donaghey acted with bias and prejudice against Ms. Gaona because she was gay.  Docket 47 at ¶ 9.  Assuming, for the sake of argument, that her assertion about Donaghey was true, an employee's sexual orientation is irrelevant for purposes of Title VII.  Rene v. MGM Grand Hotel, Inc., 305 F.3d 1061 (9th Cir. 2002).[6]

Nothing that Ms. Gaona has provided to the court suggests anything but a poor employer-employee relationship.  During the twelve to fourteen year period of time described by Ms. Gaona, the postmaster changed, her supervisors changed, but her problems with management persisted.  Ms. Gaona's supervisors over the years may not have liked her, but that is not a violation of Title VII.  Ostracism by co-workers[7] or badmouthing an employee[8] are not violations of Title VII.   Being called a troublemaker, or considered a troublemaker, is not actionable under Title VII.  Ms. Gaona has not demonstrated an actionable claim for a hostile workplace.

The sixth, and final point that Defendant made was that Ms. Gaona did not make out a prima facie case of race, age or gender discrimination.  She did not respond to that argument.

Ms. Gaona's complaint casts a wide variety of complaints against the Defendant over an extended period of time, but none of her allegations merit relief.  She has only exhausted her administrative remedies for a portion of her complaints, and for those claims she cannot meet her threshold burden of showing a prima facie case of discrimination.  The Defendant's actions did

---

[6] Gaona also provided declarations from individuals that she did not identify in her initial disclosures.  She did not file a final witness list, depriving defendant of an opportunity to conduct discovery as to these additional witnesses.  These additional declarations, at Docket 44, 45, 46, 48, 49, and 50 should be stricken.

[7] Brooks v. City of San Mateo, 229 F. 3d 917, 922 (9th Cir. 2000).

[8] Nunez v. City of Los Angeles , 147 F. 3d 867, 875 (9th Cir. 1998).

not result in an adverse employment action.  They were taken for a legitimate, non-discriminatory reason.  Plaintiff has provided no evidence that would suggest that these actions were mere pretext.

Judgment should be entered for the Defendant and Ms. Gaona's complaint should be dismissed.

RESPECTFULLY SUBMITTED on December 15, 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No. 8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2006,
a copy of the foregoing REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT
was served electronically on
Patricia S. Rose.

s/ Richard L. Pomeroy