LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964
206) 622-2593 fax
prose83897@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>    Defendant. | Case No. 3:04-cv-00118-JKS<br><br>PLAINTIFF'S RESPONSE /REPLY TO DEFENDANT'S OPPOSITION TO , PLAINTIFF'S SUMMARY JUDGMENT RESPONSE WITH RESPECT TO CR 56(f) RELIEF |

### I.  INTRODUCTION

At Docket No. 61-1, Defendant has filed an opposition memorandum to plaintiff's motion for Rule 56(f) relief in the form of a limited continuance to secure testimony of James Kammermeyer. For the reasons stated here, plaintiff is entitled to this relief.

Plaintiff's Reply to
Motion for CR 56(f) Relief-1

## II.  STATEMENT OF FACTS[1]

In response to defendant's Motion for Summary Judgment, Docket No. 34, Plaintiff raised an issue under Rule 56(f) related to the testimony of James Kammermeyer. While it is true that he was identified as person who was "highly knowledgeable" about plaintiff's concerns in the defendant's initial disclosures, plaintiff was concerned about his veracity and reliability as he was to her knowledge still employed by the defendant agency USPS at that time. As noted in the prior response, it was only late this fall that she learned that he was no longer employed by the USPS and was possibly willing to be interviewed by her counsel. It is true that this discovery occurred following discovery cut-off.

As also noted before, upon the witness's' first telephone contact with plaintiff's counsel, as indicated in her Response in Docket No. 57, counsel learned that Mr. Kammermeyer was willing to be interviewed but wanted to talk with the AUSA, i.e. defense counsel Pomeroy, first. Plaintiff's counsel expressed her willingness to have Mr. Pomeroy present for any informal interview and expressed that it was not necessary for the interview in question to be a formal deposition but a declaration might result. Mr. Kammermeyer ultimately indicated that based on the advice of Mr. Pomeroy, he was going to decline to be interviewed informally or even deposed absent Court order in the process currently underway. Despite the characterization of defense counsel at p 3 of its response, counsel only seeks to interview, not depose, Mr. Kammermeyer, and possibly prepare a declaration for use in this proceeding. See Declaration of Rose at ¶ 5, Docket No. 58.

---

[1] This statement of facts is based on the declarations of Patricia S. Rose in support of plaintiff's original opposition,
Plaintiff's Reply to
Motion for CR 56(f) Relief-2

## III. ARGUMENT

### A. PLAINTIFF HAS MET THE CRITERIA OUTLINED IN NINTH CIRCUIT CASE LAW FOR RULE 56(f) RELIEF.

As the Court is aware, Fed. R. Civ. 56(f) allows a court to refuse an application for summary judgment or order a continuance if the party opposing the motion cannot present facts essential to justify the party's position. To prevail under the Rule, parties opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Employers Teamsters Local No. 175 v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004); *see also Cal. Union Ins, Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990). The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment. *Id.*

However, here, unlike many of the Ninth Circuit cases where Rule 56(f) relief has been denied, the plaintiff here has identified the areas of testimony that believes could be elicited from James Kammermeyer. *See e.g. Bank of America v. Penqwin*, 175 F.3d 1109, 1118- (9th Cir. 1999) [denying continuance because plaintiff did not identify areas discovery would be relevant to) Here, in her original response, plaintiff noted that because he was in the position of consulting with managing agents of the plaintiff's employer, he, more than most witnesses, would likely have first hand

---

knowledge, relative to their central beliefs, biases and motives for their actions towards Ms. Gaona. Here, Ms. Gaona has already produced evidence of disparate treatment with regard to accommodation of her medical restrictions and has little information from the mouths of the defendants' speaking agents. Mr. Kammermeyer would likely have that knowledge. In light of the testimony of such actors as Mary Jordan regarding discriminatory and retaliatory motives of agents of defendant, see *e.g.* Docket No.56 at ¶¶s 4 and 7, the possibility of such testimony is not simply speculative and plaintiffs' relief is warranted. *See e.g. State of California v. Campbell*, 138 F.3d 772, 779-780 (9th Cir. 1998). Thus, as motive is the central material fact in dispute here, the projected testimony would be thus central to plaintiff's opposition to summary judgment. *Id* See Second Declaration of Patricia S. Rose accompanying this Response.

### IV.  CONCLUSION

Plaintiff has met her burden under Fed R. Civ. Pro 56(f) and her request to interview and/or secure testimony of James Kammermeyer should be granted. A proposed form of Order is attached.

Respectfully submitted this 15th day of December, 2006, in Seattle, Washington.

LAW OFFICE OF PATRICIA S. ROSE

s/ *Patricia S Rose*
PATRICIA S. ROSE, WSBA #19046
Attorney for Plaintiff

I declare under penalty of perjury that prior to filing this response a true and correct copy of the foregoing was sent to the Office of the U.S. Attorney via:
(x) email & (x) fax
s/
Patricia S. Rose

Plaintiff's Reply to
Motion for CR 56(f) Relief-4