LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964
206) 622-2593 fax
prose83897@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>　　　　Defendant. | Case No. 3:04-cv-00118-JKS<br><br>2ND DECLARATION OF COUNSEL ON PLAINTIFF'S RESPONSE /REPLY TO DEFENDANT'S OPPOSITION TO, PLAINTIFF'S SUMMARY JUDGMENT RESPONSE WITH RESPECT TO CR 56(f) RELIEF |

　　　　1.　　I am plaintiff' counsel of record.

　　　　2.　　I have always acknowledged that I and Ms. Gaona were aware of the existence of James Kammermeyer, the Labor Relations Representative of the United States Postal Service, who had served as agency representative on some of Ms. Gaona's complaints in the EEO process including the one that was heard before AJ James Carroll.

　　　　3.　　However, both of us did not consider him to be free to be candid and provided

2nd Declaration of Counsel in Support of
Plaintiff's Reply to
Motion for CR 56(f) Relief-1

probative testimony as to defendant's intent until I learned from other witnesses that he was no longer employed by the agency. At that point, I learned from others and believed from my informal discovery that he likely would have relevant personal knowledge as to discriminatory and retaliatory statements made by key actors in this case such as the Postmasters James Donaghey and Kent Eriksen.

4. Since I was able to obtain such testimony from others, I felt his testimony would be very reliable on this subject in light of his role with respect to these issues. I saw no evidence in the file and he did not indicate that he had taken actions solely pursuant to legal advice or other privileged communications and I do not intend to intrude on such subjects.

5. When I approached by telephone, I learned that he now works in a similar capacity for the Federal Aviation Administration and thus was reluctant to testify absent contact with the Assistant United States Attorney in charge of this case, i.e. defense counsel Pomeroy. After speaking with him, he advised that he was only willing to speak with me on the subjects I was interested in base don the Court's order. As indicated in my briefing, I am prepared to have the Court interview him to determine if has relevant knowledge if that is the Court's preferred method of resolution of this dispute. I do not anticipate the need to formally depose him but because of the circumstances, I would agree to do so if that is the witness's' preference.

I SWEAR UNDER PENALTY OF PERJURY UNDER THE LAW OF THE UNITED STATES OF AMERICA THAT THIS STATEMENT IS TRUE AND CORRECT.

DATED THIS 15TH DAY OF DECEMBER 2006.

_____
PATRICIA S. ROSE

2nd Declaration of Counsel in Support of
Plaintiff's Reply to
Motion for CR 56(f) Relief-2