LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964
206) 622-2593 fax
prose83897@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ROSA GAONA,

        Plaintiff,

v.

JOHN E. POTTER, Postmaster General,

        Defendant.

Case No.  3:04-cv-00118-JKS

PLAINTIFF'S REPLY TO
DEFENDANT'S OPPOSITION TO ,
PLAINTIFF'S  MOTION TO AMEND
UNDER CR  15

## I.    INTRODUCTION

In her substantive response to defendant's Motion for Summary Judgment, Docket No. 57,

counsel for plaintiff also moved for amendment of the complaint pursuant to CR 15.  She did so to

supplement the complaint based on additional occurrences and conform to evidence that was made

known to defendant, and because defendant had essentially conceded in correspondence with the

plaintiff that plaintiff's 2004 litigation embraced the issues she sought to include.  Additionally,

under the relevant Title VII decisional case law, both in and outside of the Ninth Circuit, liberal amendment of employment discrimination pleadings to include issues of subsequent retaliation relating back to original charges has been permitted.

## II.    STATEMENT OF FACTS

Plaintiff initially retained counsel to represent her in 2003. At that time, she had already exhausted, or was in the process of exhausting, administrative remedies on several administrative EEO complaints. She filed pro se a private action on some of those complaints that has become this litigation. After several attempts, with the assistance of her current counsel, in the fall of 2004, she was able to perfect her pleading to meet the court's satisfaction.

After a year of lack of progress on the litigation, plaintiff was scheduled for deposition and her current counsel made the decision to appear in this litigation. At that time, she advised defense counsel that in several administrative complaints, his client, the defendant United States Postal Service, hereinafter "USPS", was taking the position that plaintiff's litigation precluded further administrative processing and appeals despite plaintiff's desire to separately pursue the claims. For example, despite appeals to the Equal Employment Opportunity Commission's Office of Federal Operations, the USPS had refused to address plaintiff's complaints regarding continual failure to accommodate her disabilities and had administratively dismissed them.

As a result, counsel in September 2005 informally agreed that plaintiff would attempt to notify him of those issues and an amendment would be drafted, and additional discovery would likely be necessary. While it is true that financial considerations of the plaintiff precluded plaintiff's counsel from actively investigating the basis for amending the complaint and she felt reluctant to do so until she had a clear factual record on the merits. This occurred after she had

Plaintiff's Reply to
Motion for CR 15 Relief-2

completed informal discovery in response to the summary judgment motion and admittedly was .

after the originally ordered discovery cut-off. Nonetheless, defendant has known since

September of 2005 that it was likely that these issues would be litigated before this Court and did

not attempt to renote plaintiff's deposition to address them either.

### III.    ARGUMENT

### A.    AMENDMENT IS APPROPRIATE UNDER CR 15

As one District Court recently noted:

> The Ninth Circuit has indicated that when a plaintiff raises new claims in opposing a
> summary judgment motion, the court may consider the additional claims as a motion to
> amend its pleadings. *See In re New England Fish Co.*, 749 F.2d 1277, 1282 n.2 (9th Cir.
> 1984). "Amendments adding new claims are permissible under Rule 15, and may be
> considered 'during the pendency of a motion for summary judgment.'" *Id.* In such cases,
> the district court has discretion to grant leave to amend as justice requires, "with    the
> most important consideration being whether the other parties were prejudiced by the
> amendment§

*McZeal v. City of Seattle, 2006 U.S. Dist. LEXIS 82226, 11-12 (D. Wash. 2006)*

Similarly, the United States Supreme Court has noted:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject
> of relief, he ought to be afforded an opportunity to test his claim on the merits. In the
> absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory
> motive on the part of the        movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc. --the leave sought should, as the
> rules require, be "freely given."

*Foman v. Davis,* 371 U.S. `178, 182 (1962). Here, plaintiff has offered various reasons why she

should be permitted this pleading; it addresses no new claims but only supplemental instances of

the same claims. Moreover, defendant should be estopped from asserting prejudice or failure to

exhaust on plaintiff's part given their prior inconsistent positions to the OFO and EEOC.

Plaintiff's Reply to
Motion for CR 15 Relief-3

Plaintiff's amended complaint simply addresses facts supporting the continuing failure of defendant to affirmatively assist her as required by the disability discrimination statutes and further evidence of disparate treatment in employment, with inferences that it was caused by race, gender and/or her protected activity in pursuit of the prior EEO actions. Here, unlike many cases where the Courts have disfavored amendment upon summary judgment motions, there is no outstanding Rule 16 scheduling order addressing amendment of the pleadings and the plaintiff has always indicated her intention to do so upon retaining current counsel and is more than willing to permit any continued discovery. *See c.f. Coleman v. Quaker Oats*, . 232 F.3d 1271 (9th Cir. 200 _ [denying motion to amend in employment discrimination matter]; *see also Glover v. Jones*, 2006 U.S. Dist. LEXIS 80667 (NY 2006) [refusing summary judgment and motion to amend but permitting CR 56(f) relief in hostile environment case].

**B.     UNDER THE LAW, PLAINTIFF HAS ADEQUATELY EXHAUSTED HER ADMINISTRATIVE REMEDIES ON THE ISSUES BEFORE THIS COURT AND CONTAINED IN HER PROPOSED AMENDED COMPLAINT**

It is well established in cases involving the federal government *and particularly this employer* that defendant cannot simply assert a failure to exhaust administrative remedies when plaintiff has timely filed and pursued EEO complaints throughout the formal EEO process but not started a new law suit on each individual claim as a new matter. *See e.g. Hilinski v. Potter*, 2006 U.S. Dist. LEXIS 62532 (D. Ct. NJ 2006); see also Wood man v. Runyon, 132 F.3d 1330, 1341(10th Cir. 1997), [discussing doctrine and burden on parties in disability discrimination case if the allegedly :"new" matters reasonably grow out of the original filings, they can be considered in the judicial complaint. These holdings are exactly what has happened here.

## IV.    CONCLUSION

Plaintiff has offered record evidence showing that defendant has asserted that her subsequent EEO complaints were being addressed in this litigation. She has offered equitable and legal reasons for amendment. Any alleged prejudice can be cured by a short continuance to permit any additional discovery needed. The Court should substitute the proposed third Amended Complaint for her original pro se filing.

Respectfully submitted this 15th day of December 2006.

### LAW OFFICE OF PATRICIA S. ROSE

s/_____

Patricia S. Rose, WSBA #19046
Attorney for Plaintiff

I declare under penalty of perjury that this Reply Brief was served simultaneously on the Office of the U.S. Attorney via: (x) fax and (x) email immediately before e-filing

s/ Patricia S. Rose

Plaintiff's Reply to
Motion for CR 15 Relief-5