IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSE GAONA,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>JOHN E. POTTER, Postmaster General,<br>　　　　　　　Defendant. | Case No. 3:04-cv-00118-JKS<br><br>O R D E R |

　　　Four motions are currently pending in this employment discrimination suit.  The first is a motion for summary judgment brought by the Defendant.  Docket Nos. 32 (motion); 54 (opp'n); 55 ("corrected" opp'n); 57 ("amended" opp'n); 68 (reply).  The Defendant moves to strike the amended opposition at Docket No. 57.  Docket Nos. 60 (motion); 67 (opp'n); 72 (reply).  The additional motions, a motion to reopen discovery and a motion to amend the complaint, are made by the Plaintiff and found in her submission at Docket No. 57.  Both of those motions are opposed.  Docket Nos. 61 (opp'n to  motion to reopen discovery); 69 (reply); and, Docket Nos. 62 (opp'n to motion to amend); 70 (reply).

**Motion to Strike Supplemental Briefing at Docket No. 57 (Docket No. 60)**

　　　Plaintiff's series of filings in response to the pending Motion for Summary Judgment are confusing.  Docket No. 55 is identical to Docket No. 54 and appears to have been filed to remedy a poorly scanned document.  The "amended" opposition at Docket No. 57 is longer than the one found at Docket No. 54, although the substance appears the same.  Plaintiff seems to take the rather unorthodox position that because the last opposition was technically filed on time, it (the document at Docket No. 57) should supercede the preceding oppositions filed at Docket Nos. 54 and 55.  And,

while Docket No. 57 may have been timely, it is customary when filing supplemental materials to seek leave of the court. *See* D. Ak. L.R. 7.1(h). Nevertheless, under the particular circumstances of this case, the Court will permit the substitution of Docket No. 57, thereby striking Docket Nos. 54 and 55. The Motion at **Docket No. 60** is **DENIED**.

### Motion to Amend the Complaint (Docket No. 57)

Plaintiff has moved to amend her complaint under Federal Rule of Civil Procedure 15. Docket No. 57. The motion is opposed (Docket No. 62), and Plaintiff has replied (Docket No. 70).

On September 15, 2004, Rose S. Gaona, representing herself, filed a second amended employment discrimination complaint under Title VII of the Civil Rights Act and the Americans with Disabilities Act. Docket No. 10. Ms. Gaona alleges that the defendant failed to accommodate her disability as was done for male employees, younger employees, and employees of other races; retaliated against her for filing a successful EEO complaint; and, created a hostile work environment.

Ms. Gaona, now represented by counsel, seeks to amend her complaint for a third time. *See* Exhibit A to Docket No. 57 (Plaintiff's proposed third amended complaint). Plaintiff represents that this third amended complaint does not raise new claims, but rather, provides supplemental support for the existing claims. It is not clear why the motion to amend came more than a year after Defendant was informally put on notice of its possibility and after a motion for summary judgment had been filed, other than "financial considerations of the plaintiff." *See* Docket No. 70, page 2.

Although leave to amend is to be liberally granted under Fed. R. Civ. P. 15(a), undue delay, bad faith in seeking amendment, or undue prejudice to the party opposing amendment are grounds for denying leave to amend. *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). While Plaintiff's motion is late and will undoubtedly cause delay (in a case that has already suffered significant delays), it is difficult to see how an amended complaint that brings no new claims will be unduly prejudicial to Defendant. Therefore, the Court will permit Plaintiff to file a third amended Complaint. The Motion to Amend the Complaint contained in **Docket No. 57** is **GRANTED.**

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2004\A04-0118.007.wpd

**Motion to Reopen Discovery (Docket No. 57)**

Plaintiff also moves to reopen discovery, under Fed. R. Civ. P. 56(f), in order to interview an additional witness. Docket No. 57. This motion, too, is opposed (Docket No. 61), and Plaintiff has replied (Docket No. 69).

Plaintiff seeks to interview James Kammermeyer. Mr. Kammermeyer presented the Defendant's case at Ms. Gaona's administrative hearing. In her motion, Ms. Gaona states that "[a]fter repeated efforts, this witness was located after the discovery cut-off." Docket No. 57, page 19. In a declaration filed in support of the motion, however, her attorney states, "I have always acknowledged that I and Ms. Gaona were aware of the existence of James Kammermeyer . . . ." Docket No. 69, Attachment, paragraph 2. Ms. Gaona's desire to illicit information from Mr. Kammermeyer appears motivated by the knowledge that Mr. Kammermeyer is no longer employed by the United States Postal Service.

Fed. R. Civ. P. 56(f) permits a court to order a continuance for discovery if a party who opposes a motion for summary judgment makes a sufficient showing that such an order is just. The burden is on the party seeking a continuance to demonstrate specific reasons for his or her belief that a continuance would produce relevant information capable of defeating summary judgment. *See, e.g., Employers Teamsters Local No. 175 v. Clorox Co.,* 353 F.3d 1125, 1129–1130 (9th Cir. 2004) (internal citations and quotations omitted) (upholding denial of continuance where diligence to pursue discovery called into question and summary judgment motion opponent failed to show need for the requested discovery).

The Plaintiff has not carried her burden of showing why discovery should be reopened. The witness in question, Mr. Kammermeyer, was known to her as far back as her administrative hearing and identified by the Defendant in its initial disclosures and preliminary witness list. Further, Plaintiff does not demonstrate the relevance of obtaining Mr. Kammermeyer's declaration. She points to her belief that Mr. Kammermeyer may have knowledge that would "bolster and corroborate" the testimony of others that already exists. The Motion to Reopen Discovery contained within **Docket No. 57** is **DENIED**.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 3004\A04-0118.007.wpd

**Motion for Summary Judgment (Docket No. 32)**

In light of the Court's ruling to allow an amended complaint to be filed, the Court will **deny as moot** the pending motion for summary judgment at **Docket No. 32**, without prejudice to its renewal.  However, the Government has made a strong case that Gaona has not made a prima facie case that she was disabled and, therefore, that she was the victim of disability discrimination.  Gaona's complaints, either viewed individually or collectively, do not establish one or more "adverse or negative employment actions" and thus would not appear sufficient for a prima facie case of employment discrimination or hostile work environment.  Plaintiff should be prepared to address these deficiencies in responding to the Government's renewed motion for summary judgment, which it is virtually certain to file.

**IT IS THEREFORE ORDERED:**

The Motion for Summary Judgment at **Docket No. 32** is **DENIED AS MOOT.**  The Motion at **Docket No. 57** is **GRANTED IN PART** and **DENIED IN PART**.  The Motion at **Docket No. 60** is **DENIED**.

Dated at Anchorage, Alaska, this 11th day of June 2007.

                                                /s/ James K. Singleton, Jr.
                                                **JAMES K. SINGLETON, JR.**
                                                   United States District Judge