**LAW OFFICE OF PATRICIA S. ROSE**
Patricia S. Rose, WSBA #19046
Attorney for Plaintiff
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964 (phone)
(206) 622-2593 (fax)
Email: prose83897@aol.com

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ROSA S. GAONA<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN E. POTTER,<br>　　　　　Defendant. | No. CV 3:04-CV 00118-JKS<br><br>PLAINTIFF'S THIRD AMENDED COMPLAINT TO CONFORM TO EVIDENCE<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, the Plaintiff, by and through her undersigned attorney, and alleges the following facts and causes of action:

## I. PARTIES

1.1  Plaintiff, Rosa Seabreeze Gaona, hereinafter "Plaintiff", is an individual and at all times relevant to this cause of action was a resident of Juneau Alaska.

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-1

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206 ) 622-2593 fax)

1.2     Defendant, James E. Potter, at most times relevant to this complaint was the Postmaster General of the United States and a duly authorized agent of the United States Postal Service (hereinafter "USPS") and is the designated agent to be sued for all omissions and actions alleged herein

## II. JURISDICTION AND VENUE

2.1     The above-referenced Court has subject matter and personal jurisdiction of the actions alleged herein and the parties hereto under the authority of 28 U.S.C. §§1331, 1343 and 42 U.S.C. § 2000e-16.

2.2     The above-referenced Court is presently the proper venue for this action.

2.3     The Plaintiff has complied with necessary administrative claim filings with the United States Postal Service and/or the Office of Federal Operations of the Equal Employment Opportunity Commission under 29 C.F.R. §§ 1614 *et seq*. The Plaintiff has received correspondence indicating her Right to Sue on multiple occasions and specifically on or about the following dates:  March 21, 2005, April 27, 2005, and June 13, 2005, among others...

2.4     This claim includes causes of action alleging damages compensable under federal statutes such as the Civil Rights Act of 1991 and the Americans With Disabilities Act and Rehabilitation Acts .

2.5     The Plaintiff demands a 12-person jury.

## III.    FACTUAL ALLEGATIONS

3.1     Rosa S. Gaona was first employed by defendant as a Letter Carrier in March of 1986. After training and satisfactory completion of her probationary period, she successfully performed

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-2

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206 ) 622-2593fax)

her work through bid assignments on routes based at the Federal Building station in Juneau Alaska.

3.2   She is of mixed Hispanic and Native descent and also was active in the Juneau Branch of the National Association of Letter Carriers, the labor organization that governed her employment. She served as its President from approximately 1993 to 1995.

3.3   In 1992, she first filed and substantially prevailed in a formal complaint of employment discrimination against agents of the defendant including her employer's attempt to discharge her without justification.

3.4   In addition to her protected activity on this EEO complaint, she also vocally supported the rank and file employees in forwarding grievances to management regarding working conditions including inappropriate actions by a fellow Union member and intermittent acting supervisor, Stuart Akagi, who was then Postmaster Donaghey's son-in-law.

3.5   As a result of her race, gender and ethnicity, as well as protected conduct, both coworkers and supervisors and managers of defendant were permitted to engage in adverse actions and derogatory conduct directed at Plaintiff with the knowledge of management including Postmaster Donaghey who did not take action to prevent the conduct from occurring.

3.6   Throughout the period from 1992 to 1995, the hostile working environment engendered by the hostility of Stuart Akagi and James Donaghey, among others, continued and no action was taken to enforce any corrective action.

3.7   On or about October 30 1995, Plaintiff injured herself as a result of falling on a walk way en route from a parking lot to the Federal Building. As a result of the fall, she suffered a

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-3

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206 ) 622-2593fax)

disabling back injury that was initially diagnosed as a lumbar strain and ultimately diagnosed as myofascial pain syndrome

3.8     Because of the extent of her injury, Plaintiff immediately sought medical care and was instructed to take medical leave and did so until December 11, 1995 when she returned on a reduced schedule and with restrictions. She worked intermittently in limited duty and/or light duty assignments from that date until September of 2002. As a result of various exacerbations of her original injury because of work requirements that exceeded her restrictions, she applied for and received federal workers' compensation benefits intermittently as well.

3.9     . During the period from 1995 to 2002, Plaintiff attempted on multiple occasions to return to work with defendant within the medical restrictions she was given by her treating physicians and was repeatedly rebuffed in her efforts to do so. On occasions when she did return, she was required to work outside of her restrictions causing further injury.

3.10    At one point after returning to work, an incident occurred in September 1999 wherein Stuart Akagi threatened her job security and stated that he would see that she was terminated. Soon thereafter, she was charged with being absent without leave without justification and suspended when employees with similar attendance patterns who took unscheduled leave for personal needs were not scrutinized or disciplined in this fashion.

3.11    During the period from 1997 to 2004, agents of the Postal Service repeated made derogatory remarks about Plaintiff to one another and in the presence of her coworkers indicating that she was a "problem" employee, a "troublemaker", "nothing but trouble" and "trying to stir things up" and that management was attempting to remove her from employment.

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-4

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206 ) 622-2593fax)

3.12     As a result of the hostility directed at her and the threat to Plaintiff's job security, Plaintiff developed disabling depression and anxiety and ultimately in 2002 was diagnosed with Post-traumatic stress disorder (PTSD) after the Union President, Chris Dargan, indicated that he wanted to see her fired..

3.13     In 1999, with the intervention of the State of Alaska Department of Vocational Rehabilitation, Plaintiff negotiated a mediated resolution that would have permitted her to return to work with reasonable accommodations for her physical and mental disabilities including use of two bundle casing system that had been provided to similarly situated employees with medical restrictions. .

3.14     In 2000, Postmaster Donaghey instructed Ken Cickler to remove the accommodations provided to Plaintiff in the presence of Union President Chris Dargan who did not intervene or attempt to represent Plaintiff on her concerns as to being forced to work outside of her medical restrictions.  Between 1999 and 2002, Plaintiff was not afforded opportunities to work within the Carrier craft on numerous occasions and instead was provided light duty work in the Clerk craft while Part-time Flexible Carries were provided such opportunities.  As a result, she was absent for an extended period from September 10, 2002 until the spring of 2004,

3.15     Beginning in 2003, Plaintiff understood that she her physicians were prepared to release her to return to work as a Carrier albeit with restrictions due to her continuing mental and physical impairments. Despite her physician's certification that she could generally return to work as a City Carrier as long as she was not required to report at the Juneau Federal Building location, agents of defendant made no affirmative efforts to assist in her obtaining a work

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-5

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206 ) 622-2593fax)

assignment outside of that location or that would fit within these restrictions. On her own initiative, Plaintiff explored the possibility of performing a limited duty assignment on a portion of the Route 10 / Douglas route. She later learned that the position had been awarded by bid to a less senior employee, Chris Darden  During this period, she also began interactions with defendant's Reasonable Accommodation Committee and Occupational Health staff in Anchorage Alaska to provide information that would facilitate her return to work. Throughout 2003, she provided medical information from such health providers as Drs Schultz, Stillner, and Ellis who supported the Douglas route assignment as a reasonable accommodation and within her restrictions.

3.16    Instead of engaging in the interactive process required by law, on or about February 4, 2004, agents of defendant inexplicably concluded that Plaintiff did not meet the criteria for reasonable accommodation as defined in the Rehabilitation Act.  Management officials of the defendant subsequently took action on or about March 3, 2004, to remove plaintiff from her career permanently by asserting that she was unable to perform her position responsibilities due to her disabilities.

3.17    Only after a grievance under her collective bargaining agreement and intervention by the regional officers of her labor organization in cooperation with the efforts of private counsel through EEO complaints regarding the agency's failure to accommodate plaintiff's disability was the separation rescinded. Ultimately, plaintiff was placed in a limited duty assignment in the Clerk craft as a Custodian at defendant's Mendenhall facility effective late April of 2004.

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-6

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206 ) 622-2593 fax)

3.18    Throughout the period from late April 2004 to her separation date in 2005, various agents of the defendant continued to scrutinize Plaintiff's behavior in a manner unlike that of her coworkers. For example, she was scrutinized for her willingness to work a limited tour without a lunch break while similarly situated employees on eight hour tours worked through their lunches without such scrutiny.

3.19    Despite the unwelcome conduct and scrutiny of her work performance by management Plaintiff was able to successfully perform the essential functions of her modified duty assignment as a Maintenance Custodian and had positive work relationships with her immediate supervisors.

3.20    On or about May 10, 2005, Plaintiff learned that she would be supervised at Mendenhall by Dailang Seceda, one of the supervisors who had been assigned to the Juneau Federal Building and who had been part of the hostile work environment that she experienced there. Because she understood that her physicians recommended that she have no supervision or oversight by those individuals, she perceived the action to be a continued attempt to undermine her successful return to work and raised concerns about this assignment with her local management.

3.21    As a result, she filed an additional EEO complaint with agents of the defendant. When that complaint was not remedied or investigated in a timely basis, she felt no other choice but to resign her employment rather than face the same form of hostility and subsequent mental heath consequences that she had experienced in the past. .

3.22    Throughout there period before and after her return to work and final separation from the United States Postal Service, Plaintiff has undergone mental health treatment and vocational

PLAINTIFF'S THIRD AMENDED COMPLAINT TO CONFORM TO EVIDENCE-7

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206 ) 622-2593fax)

counseling as a result of the improper and illegal conduct committed by the Defendant in this case. Plaintiff terminated her own employment because of these events and has been constructively wrongfully terminated by the Defendant as a result of the cumulative effect of the discriminatory and retaliatory conduct that she experience whiled employed at the United States Postal Service.

3.23  The conduct of these Defendants caused plaintiff to suffer, humiliation, anxiety, depression, and caused her to be subjected to an intimidating, hostile and offensive work environment and to be discriminated against on the basis of race, gender and disability as well as to be retaliated against because of her continuing use of her collective bargaining agreement's grievance procedure and/or federal EEO procedures to investigate and or seek remedies for these issues.

### IV. CAUSE OF ACTION NO. 1: UNLAWFUL RETALIATION AND HOSTILE WORK ENVIRONMENT UNDER §704(a) of THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

4.1  Paragraphs 1.1 to 3.23 is realigned as if fully set forth herein.

4.2  From 1992 to her separation from employment, Plaintiff engaged in protected conduct and activities under section 704(a) of the Civil Rights Act of 1964.

4.3  During this time, agents of defendants engaged in various acts of retaliation towards Plaintiff due to her protected conduct, including but not limited to denial of administrative leave, leave without pay and other leave necessary to treat her mental health and physical health conditions, rejection of medical certifications and other unwillingness to engage in reasonable accommodation efforts, refusal to assign work within her craft, threatened removal from

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-8

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206) 622-2593 fax)

Case 3:04-cv-00118-JKS   Document 76   Filed 07/03/2007   Page 9 of 12

employment, assignment to supervisors against health care providers' recommendations, among others, all of which created a hostile work environment for Plaintiff.

### V. CAUSE OF ACTION NO. 2: HOSTILE WORK ENVIRONMENT DUE TO DISABILTY IN VIOLATION OF THE REHABILITATION ACT AND 42 USC § 12112, THE AMERICANS WITH DISABILITIES ACT

5.1  Paragraphs 1. 1 to 4.3 are realleged as if fully set forth herein.

5.2  Plaintiff is a qualified person with disabilities entitled to protection from discrimination under the Rehabilitation Act and the Americans With Disabilities Act.

5.3  Agents of defendant deliberately repeatedly failed to take affirmative measures to assist Plaintiff in performing the essential functions of her position, or any other position with the defendant, with or without reasonable accommodations, which created a hostile work environment for Plaintiff, due to her disabilities.

5.4  Agents of defendant retaliated against Plaintiff due to her vigorous attempts to seek reasonable accommodation for physical and medical conditions she and they regarded as disabilities in violation of the Rehabilitation Act and 42 USC § 12203 of the Americans With Disabilities Act.

### VI. CAUSE OF ACTION NO. 3: HOSTILE WORK ENVIRONMENT DUE TO GENDER IN VIOLATION OF §703(a) OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

6.1  Paragraphs 1.1 to 5.4 are realleged as if fully set forth herein.

6.2  Plaintiff was subject ed to hostile and degrading comments about he performance as a \c City Carrier because of her gender and because she did not conform to defendant's stereotyped e expectations as to the capabilities of female employees.

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-9

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206 ) 622-2593fax)

6.3     Agents of defendant engaged in this unwelcome conduct that was directed at Plaintiff but also was directed at other female employees because of their gender, in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## VII. CAUSE OF ACTION NO. 5: CONSTRUCTIVE DISCHARGE & DISPARATE TREAMENT IN THE TERMS AND CONDITIONS OF EMPLOYMENT DUE TO RETALIATION, DISABILITY, AND GENDER

7.1     Paragraphs 1.1 to 6.2 are realleged as if fully set forth herein.

7.2     Agents of defendant made Plaintiff's working conditions so intolerable that a reasonable person in her circumstances would resign her employment.

7.3     Defendant's actions were a constructive discharge of Plaintiff's employment and were motivated by her gender, protected conduct and/or disability.

## VIII. DAMAGES

8.1     Paragraphs 1.1 to 7.3 are realigned as if fully set forth herein.

8.2     As a direct and proximate cause of the conduct and violations of law identified in each of Plaintiff's stated causes of action, Plaintiff has suffered, and continues to suffer pecuniary losses, including loss of past and future wages, health and welfare benefits, and other economic advantages of employment, in an amount to be determined at trial.

8.3     As a direct and proximate cause of the conduct and violations of law identified in Plaintiff's stated cause of actions, Plaintiff has also suffered, and continues to suffer, general damages, including, but not limited to, emotional distress, humiliation, mental anguish, pain and suffering, and embarrassment, each in an amount to be proved at trial.

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-10

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206 ) 622-2593 fax)

8.4     As a direct and proximate cause of the conduct and violations of law identified in each of Plaintiff's stated causes of action, the Plaintiff has suffered, and continues to suffer, special damages in the form of job search, expanded commuting expenses and other losses, each in an amount to be proved at trial.

## IX.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court issue judgment in her favor and order the following relief:

1.     Order that Defendant immediately reinstate Plaintiff to a position for which she qualifies;

2.     Order that defendant is liable to Plaintiff for all pecuniary losses incurred by her to date, and projected to be incurred by her, including, but not limited to, loss of earnings, front and back pay, health and welfare benefits, and any other pecuniary advantage of employment, the loss of which was directly or proximately caused by defendants' unlawful practices, each in an amount to be proved at trial.

3.     Order that defendants are liable to Plaintiff for all non-pecuniary and intangible damages, directly or proximately caused by defendants' unlawful conduct, including, but not limited to, emotional distress, humiliation, mental anguish, pain and suffering, and embarrassment, as authorized by 42 USC §§ in an amount to be proved at trial.

4.     Order that defendants are liable for all of Plaintiff's special damages, including job search expenses, additional commuting expenses and other pecuniary losses proximately caused by defendant's' unlawful conduct.;

PLAINTIFF'S THIRD AMENDED
COMPLAINT TO CONFORM
TO EVIDENCE-11

LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle Washington 98104
206) 622-8964 (phone) (206) 622-2593fax)

5.  Order that defendant compensate plaintiff for her litigation costs and reasonable attorneys' fees incurred as a result of defendant's unlawful conduct, as authorized by 42 U.S.C. § 12205 and 42 U.S.C. §20000e-5(k); and

6.  Order such other relief as the Court deems just and appropriate.

Respectfully submitted this __2nd__ day of __November__ 2006.

LAW OFFICE OF PATRICIA S. ROSE

*/s/ Patricia S. Rose*
Patricia S. Rose, WSBA #19046
Attorney for Plaintiff

## VERIFICATION

I, Rosa Seabreeze Gaona, am the Plaintiff in the abvove-captioned matter. I have reviewed the above-referenced factual recital and complaint for damages and do declare under penalty of perjury under the laws of the United States that I believe it to be true and correct to the best of my knowledge and belief.

Dated this 2nd day of November 2006 at Juneau Alaska

*/s/ Rosa Seabreeze Gaona*
ROSA SEABREEZE GAONA

PLAINTIFF'S THIRD AMENDED                    LAW OFFICE OF PATRICIA S. ROSE
COMPLAINT TO CONFORM                                  157 Yesler Way, Suite 503
TO EVIDENCE-12                                         Seattle Washington 98104
                                              206) 622-8964 (phone) (206) 622-2593fax)