NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567
(907) 271-5071
(907) 271-2344 fax
richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>　　　　Defendant. | Case No. 3:04-cv-118-JKS<br><br>**MOTION FOR PROTECTIVE ORDER**<br>**and MEMORANDUM IN SUPPORT** |

　　　　Defendant moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c).

　　　　As the Court may recall[1], this case involves a claim of discrimination against the U. S. Postal Service by a former employee. Plaintiff has noticed the deposition of James Kammermeyer. Exhibit A. Mr. Kammermeyer was a Labor Relations Specialist with the U.S.

---

[1] Docket 73.

Postal Service.  He was the agency representative – the person presenting the agency's case against Ms. Gaona's claims – at the hearing held before Administrative Law Judge Carroll on September 9, 2002.  Mr. Kammermeyer interviewed, prepared, and presented the testimony of the government's witnesses at the administrative hearing and cross examined Ms. Gaona's witnesses.   Kammermeyer was never a co-worker or supervisor of the plaintiff.  As such, the only information that he knows about the plaintiff and her claims are what he learned in the course and scope of his job developing the Postal Service's case against the plaintiff at the administrative level.

Plaintiff's counsel has said that she wants to depose Mr. Kammermeyer because one of her witnesses, Mary Jordan, has died.  She wants to

> "obtain testimony from Mr. Kammermeyer on issues that she likely would have addressed at trial.  Based on her sworn testimony and that of others, I have reason to believe he has personal knowledge related to the intent and comparative treatment of individuals displayed by key managers at the Juneau station."

Exhibit B at 2.  Ms. Jordan did not testify at the administrative hearing.  Exhibit C.  She did provide a ten page affidavit in support of Ms. Gaona's opposition to the government's summary judgment motion.  See Docket 56.  Nowhere in that affidavit did Ms. Jordan mention Mr. Kammermeyer.  *Id.*  There is nothing to suggest that Mr. Kammermeyer spoke to Ms. Jordan or, if he did, his recollections of such conversations would be inferior to the ten page affidavit that Ms. Jordan prepared on behalf on the plaintiff.

Rule 26 states that, in general, any matter relevant to a claim or defense is discoverable.  Fed. R. Civ. P. 26(b).  That principle is subject to limitation.  After a showing of good cause, the district court may issue any protective order "which justice requires to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense," including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure. Fed. R. Civ. P. 26(c). The burden is upon the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir.2002). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* at 1211; *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063-64 (9th Cir. 2004).

This deposition request presents a similar situation recently considered by the district court in the Western District of Washington. In *Fuller v. Chertoff*, 2006 WL 1727902 (W.D.Wash.2006) the district court denied a motion to compel production of documents prepared by the agency's representative that recorded her conversation with plaintiff's former supervisor and her analysis of plaintiff's claims. The court found that they were created because of the prospect of litigation and were therefore entitled to work product protection. The court stated that

> The work product doctrine protects from discovery, documents and tangible
> things prepared by a party or his representative in anticipation of litigation. Fed.
> R. Civ. P. 26(b)(3). The Ninth Circuit adopts the "because of" standard to
> determine whether a document is entitled to work product protection. *In Re
> Grand Jury Subpoena (Mark Torf / Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th
> Cir.2004). Under this standard, a document prepared in anticipation of litigation
> is protected as work product under Rule 26(b)(3) if the document can fairly be
> said to have been prepared or obtained because of the prospect of litigation. *Id.* If
> similar documents would have been created whether or not litigation was
> anticipated, then "it [cannot] fairly be said that they were created 'because of'
> actual or impending litigation." *Willingham v. Ashcroft,* 228 F.R.D. 1
> (D.D.C.2005).

The district court found *Willingham* instructive. That case also involved a Title VII action against the Drug Enforcement Administration by a former employee. There, the district court found that the documents requested were created in reasonable anticipation of litigation since they were prepared "because of or in preparation for a potential challenge ... either to the [Merit Systems Protection Board] or through EEO proceedings[.]" *Willingham,* 228 F.R.D. at 5. The court reasoned that the employee's MSPB appeal and EEO complaint constituted "adversarial proceedings." *Id.* That is, if EEO proceedings resulted in a favorable determination to the agency, plaintiff would likely sue. *Id.* Therefore, notes created because of EEO proceedings were prepared in reasonable anticipation of litigation and protected as work product.

Like the party representative in *Fuller* and *Willingham*, Mr. Kammermeyer's job was to provide advice to USPS management concerning EEO complaints. Any documents or personal knowledge that he has "related to the intent and comparative treatment of individuals displayed by key managers at the Juneau station" would not have occurred were it not for the pending adversarial EEO complaint. This information was created "because of" potential litigation, and is entitled to work product protection.

Oral testimony, such as plaintiff seeks to obtain, may fall outside of the work product doctrine. However, it falls squarely within the rule created by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947). Hickman rejected requiring an attorney to report on an oral statement of a witness.

> Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness . . . Such testimony could not qualify as evidence, and to use it for impeachment or corroborative purposes

> would make the attorney much less an office of the court and much more an ordinary witness.

*Id.* See also *In re Grand Jury Proceedings*, 473 F. 2d 840, 848 (8th Cir. 1973). Though *Hickman* addresses the attempt to obtain testimony from an attorney, *Fuller* and *Willingham* demonstrate that an agency representative, in the context of EEO, is much like an attorney whose communications with the managers of the agency who he or she is representing is entitled to protection.

The Court should quash the deposition of Mr. Kammermeyer. He has no independent knowledge of the facts of this case outside of his role as the agency's EEO representative.

Respectfully requested this 20th day of March, 2008, in Anchorage, Alaska.

    NELSON P. COHEN
    United States Attorney

    s/Richard L. Pomeroy
    RICHARD L. POMEROY
    Assistant U.S. Attorney
    222 West 7th Ave., #9, Rm. 253
    Anchorage, AK 99513-7567
    Phone: (907) 271-5071
    Fax: (907) 271-2344
    E-mail: richard.pomeroy@usdoj.gov
    Alaska Bar No. 8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2008,
a copy of the foregoing **MOTION FOR PROTECTIVE ORDER and MEMORANDUM IN SUPPORT**
was served electronically on
Patricia S. Rose.

s/ Richard L. Pomeroy

Gaona v. Potter
Case No. 3:04-cv-00118-JKS         5