LAW OFFICE OF PATRICIA S. ROSE
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964
206) 622-2593 fax
prose83897@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, Postmaster General,<br><br>    Defendant. | Case No. 3:04-cv-00118-JKS<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

## I.  INTRODUCTION

As the defendant correctly notes, this litigation involves allegations of a pattern of hostile work environment and employment discrimination due to gender, perceived or actual disability and retaliation directed at plaintiff during her career with the United States Postal Service.

After defendant moved for summary judgment, the Court permitted an amendment to the pleadings to conform to events that occurred subsequent to her original pro se filing. The facts alleged in the Third Amended Complaint now encompass Ms. Gaona's treatment following a

Plaintiff's Response to Defendant's
Motion For Protective Order-1

mid 1995 injury, attempts to return to work, proposed removal and temporary duty assignment leading up to Ms. Gaona's separation in the spring of 2005.

As defendant notes, plaintiff has noted the deposition of, among others ,several past Postmasters of the Juneau Post Office during this time, Human Resources staffer Deborah Brockman, and also that of James Kammermeyer. Since the correspondence at Exhibit B, those depositions have now been set for April 14-15th 2008 with the exception of Mr. Kammermeyer. He is currently employed by the Federal Aviation Administration, and Mr. Kammermeyer currently has no work relationship with the defendant United States Postal Service and thus presumably has no speaking authority to bind them. However, during the complaint's relevant time period, he served as both a Labor Relations Representative based in Anchorage and also as an operational supervisor and/manager in the Juneau Federal Building under Postmasters James Donaghey and Kent Erickson, two of the principal decision-makers and deponents. He thus has knowledge regarding the terms and conditions of plaintiff's employment, leave administration and her attempts to return to work from leave during that period as well as any EEO activity that was generated from those events.

It is undisputed that as part of his assigned duties as a Labor Relations Representative and/or Agency Representative, he defended the Agency in one EEO hearing that Ms. Gaona pursued pro se in 2002 based on events from 1995-1998.. His role in preparing witnesses and defending the USPS at that hearing is not the subject of Ms. Gaona's projected line of questioning. As Labor Relations representative, she also believes he has important testimony to offer on leave practices, limited duty assignments within and outside of one's normal craft job as part of accommodation of injured workers such as Ms. Gaona. She also understands he

Plaintiff's Response to Defendant's
Motion For Protective Order-2

may have been privy to conversations with Postmasters and other human resources and personnel staffers revealing bias and prejudice towards plaintiff during that period.

Defendant has moved for a protective order seeking to prohibit the deposition in its entirety.

## II.  ISSUE PRESENTED

Under F. R. Civ. Pro. 26(b), has there been a sufficient showing of particularized harm or annoyance, embarrassment, or undue burden stemming from the projected deposition testimony of former USPS employee James Kammermeyer to warrant quashing his deposition in its entirety?

## III.  ARGUMENT

### A. AS PLAINTIFF DOES NOT INTEND TO SEEK DOCUMENTARY EVIDENCE PRPARED IN ANTICIPATION OF ANY EEO HEARING OR TO INTRUDE ON ANY AREAS OF COMMUNICATION BETWEEN MR. KAMMERMEYER AND AGENCY LEGAL COUNSEL REGARDING DEFENSE OF ANY PLAINTIFF'S CLAIMS AGAINST THE AGENCY , DEFENDANT'S AUTHORITY IS NOT PERUSASIVE

Defendant acknowledges the dearth of legal authority addressing the specific issue before the Court. It appears that defendant seeks a wholesale restriction on the testimony of this individual simply because of the nature of his former position responsibilities with the defendant. Defendant's motion instead relies largely with application of the work-product doctrine and authority to prevent disclosure of handwritten notes or other litigation work product generated by a federal agency representative in preparing an agency's defense for administrative hearing. Here, the one hearing in which the witness played that role was in 2002 and covered employment actions during the period from 1995 to 1998 and plaintiff's counsel *does not* intend to refer to documents admitted or testimony elicited in preparing witnesses for that hearing.

### B. AS MANAGER AND LABOR RELATIONS REPRESENTATIVE, MR. KAMMERMEYER HAS KNOWLEDGE REGARDING RE SSIGNMENT OF INJURED EMPLOYEESIN AND OUTSIDE THEIR NORMAL CRAFT ASSIGNMENTS AND HAS RELEVANT KNOWLEDGE OF THE AGENCY'S PAST PRACTICE IN THESE AREAS.

From her informal discovery with other Juneau postal employees who worked with plaintiff and Mr. Kammermeyer, counsel understands that Mr. Kammermeyer's Labor Relations Representative role involved other duties beyond advocating at EEO hearings. The role of Labor Relations or Agency Representatives in federal sector employment is also somewhat akin to that of a Human Resources Manager or Labor Relations Manager in a private sector work environment with union employees. . It is common for plaintiffs to obtain deposition testimony of such individuals who have personal knowledge of a corporate or governmental defendant's employment and labor relations policies, whether under a collective bargaining agreement or other internal complaint processes such as the federal sector EEO process. Even if the line professional works in a field involving compliance with labor or employment laws, it is not protected by any form of privilege per se absent a showing that the information was generated as part of an attorney-client or other privileged communication.

For example, in a recent wage and hour action, *Scholtisek v. Eldre Corp.,* 441 F. Supp. 2d 459, 461 (D.N.Y. 2006), a motion in limine to prevent such a human resources manager's deposition testimony was denied against an attorney-client privilege objection.

> Davis testified at her deposition that her duties as Human Resources Manager included screening and interviewing job applicants, conducting exit interviews, helping employees obtain benefits, explaining their benefits to them, and generally acting as a liaison between employees and management. Dkt. # 154 Ex. G at 20. She was not primarily responsible for handing Eldre's payroll, though she served as a backup for the person who did handle the payroll. Id. at 20, 78.
> *****
> Davis helped type Eldre's 1999 revised handbook for exempt employees (which contained various information about Eldre's wage and hour policies and practices), but she did not

Plaintiff's Response to Defendant's
Motion For Protective Order-4

>  make decisions with respect to the policies set forth in the handbook. Id. at 25, 41.   At one point, Davis testified that on a certain occasion in about the second or third year of her employment at Eldre, she "had an employee get angry because their pay was docked." Id. at 39. She stated that she "*went to Mr. Abelson at the time with the employee's complaint, and [she] was told that this handbook had been gone over by the company's attorneys and everything in it was legal." Id*. n1 It is this conversation to which Eldre objects.

*Id.*

      Here, Mr. Kammermeyer's role likely embraced a similar role albeit not in wage and hour policy. He was likely asked for advice about employee complaints and ./or assisted both management and craft employees of the Postal Service in resolving grievances and interpreting union contracts and other employee relations activities. As part of his deposition testimony, he will be asked about his knowledge of his former employer's leave without pay (LWOP), advanced and restricted sick leave policies, modified duty assignment practices for injured workers and past practice governing these situations. Although he will undoubtedly be asked regarding his knowledge of any actions taken under those policies or collective bargaining agreements regarding Ms. Gaona and to other individual employees with similar medical restrictions,. he will not be asked for any information that he gained *solely* through preparation of his former employer's defense to a specific EEO complaint or union grievance or about conversations with Agency counsel in his role in such procedures.

      Independent of his Labor Relations Representative role, counsel understands that Mr. Kammermeyer served at least one detail in Juneau as Station Manager in an operations management role for the USPS overseeing carriers and clerk craft employees.. In that capacity, he would likely also have been privy to discussions on methods for making assignments to injured or disabled City Carriers like Ms. Gaona .and any informal practices of accommodation, as well as more formal methods for accommodating such workers in and outside of their craft assignments within the terms

Plaintiff's Response to Defendant's
Motion For Protective Order-5

of collective bargaining agreements. This area of inquiry does not involve attorney-client or work product privilege but knowledge of Postal Service operations.

### C. IN HIS CAPACITY AS LABOR RELATIONS REPRSENATIVE OR MANAGER, MR KAMMERMEYER WOULD HAVE LEARNED OF THE ATTITUDES AND PREJUDICES TOWARDS MS. GAONA

Finally, as both a supervisor and Labor Relations Representative Mr. Kammermeyer was in a position to learn of the attitudes and prejudices of key Postal officials towards EEO complainants or union grievants such as Ms. Gaona. That evidence is probative of intent and is not protected by any privilege. As indicated in counsel's letter to Defendant, see Exhibit B to Motion for Protective Order, with the death of a key witness, Mary Jordan, who testified to hearing such comments in settings where Mr. Kammermeyer may have been present in, discovery is warranted for that reason as well.

### . III.   CONCLUSION

Because plaintiff has met her burden of demonstrating relevant areas of discovery within the witness' personal knowledge and that exist independent of any role he played in preparation and/or conduct of adversarial hearings on behalf of the Agency on Ms. Gaona's early EEO complaints, plaintiff's deposition of Mr. Kammermeyer should not be quashed.

Respectfully submitted this 27th day of March, 2008, in Seattle, Washington.

                        LAW OFFICE OF PATRICIA S.ROSE

                         _s/_____
                        PATRICIA S. ROSE, WSBA #19046
                        Attorney for Plaintiff

I declare under penalty of perjury that prior to filing this response a true and correct copy of the foregoing was sent to the Office of the
U.S. Attorney via:

    (x ) email
    (x) fax

    _s/_____
    Patricia S. Rose

Plaintiff's Response to Defendant's
Motion For Protective Order-7