IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROSA GAONA,<br><br>    Plaintiff,<br><br> vs.<br><br>JOHN E. POTTER, Postmaster General,<br><br>    Defendant. | Case No. 3:04-CV-00118 (JKS)<br><br><br>O R D E R |

  Currently before the Court is Defendant's Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c). Docket Nos. 84 (Mot. and mem.); 85 (Exs.); 86 (Resp.); 87 (Reply). Specifically, Defendant asks the Court to quash the deposition of James Kammermeyer because he has no independent knowledge of the facts of this case outside of his role as the agency representative who presented the agency's case before the administrative law judge in 2002.

  A party seeking a protective order must include with its motion "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Local Rules require a party seeking a protective order comply with the requirements set forth in D.Ak. LR 37.1. D.Ak. LR 26.1(b). Local Rule 37.1 states:

> Absent exigent circumstance, counsel for the moving party must confer in person, or if they are not located in the same city then by telephone, with counsel for the party against whom relief is sought in an effort to resolve any discovery dispute before filing a motion. . . If such a motion is filed, it must: (1) have attached a Good Faith Certificate (Form 37.1); or (2) include in the first paragraph a statement as to the reason that a Good Faith Certificate cannot be attached, including the efforts made to arrange a conference.

D.Ak. LR 37.1(a).

1

A cursory review of the docket shows that Defendant has not complied with the requirement to file a Good Faith Certificate. Nor has Defendant certified anywhere in its moving papers that a good faith effort to resolve this discovery issue has been made. *See* Docket Nos. 84 and 85. Defendant's Reply brief further reveals that Defendant has failed to even attempt to satisfy its obligation to try to resolve the dispute without court action: "Defendant does not oppose taking Mr. Kammermeyer's testimony concerning his time outside of his employment with Labor Relations when he was working in Juneau. If this had been clearly communicated to the defense earlier, this motion probably would not have been necessary." Docket No. 87 at 2. Any failure on Plaintiff's part to communicate clearly could and should have been overcome by good faith efforts to resolve this issue without resort to court action. As the movant, it was Defendant's responsibility to make this happen.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion at Docket No. 84 is DENIED, with leave to renew;

2. Defendant may renew its motion only after fully complying with Federal Rule of Civil Procedure 26(c) and Local Rule 26.1(b).

Dated this 9th day of April 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER