**LAW OFFICE OF PATRICIA S. ROSE**
Patricia S. Rose, WSBA #19046
Attorney for Plaintiff
157 Yesler Way, Suite 503
Seattle, Washington 98104
(206) 622-8964 (phone)
(206) 622-2593 (fax)
Email: prose83897@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ROSA S. GAONA | No. CV 3:04-CV 00118-JKS |
| Plaintiff, | |
| v. | DECLARATION OF OF PLAINTIFF'S COUNSEL TO WITHDRAW AS ATTORNEY OF RECORD UNDER LR 11.1 (c) |
| JOHN E. POTTER, | |
| Defendant. | |

I, Patricia S. Rose, am over eighteen years of age and am competent to testify. This statement is based on my personal knowledge. I have been plaintiff's attorney of record on this matter since the fall of 2005 and had previously represented her on administrative complaints of discrimination for a period of several years arising from the same employment relationship.

**I.   STATUS OF LITIGATION**

DECLARATION OF COUNSEL ON
MOTION TO WITHDRAW-1

1. On December 19th, 2007, the Court issued a new scheduling and planning order to the parties following the filing of Plaintiff's Third Amended Complaint. That order required disclosure of witnesses on April 2, 2008 with all formal discovery completed by May 2, 2008. Since that date, neither party has made the required witness disclosures, engaged in additional discovery or made any supplemental disclosures. Along with this motion, the parties have jointly moved to stay pre-trial proceedings and all discoveries in light of the necessity of counsel to withdraw. See Joint Motion to Stay Discovery filed today. (Docket No.   )(

## II.  MY HEALTH CONDITION

2. I am a solo practitioner in Seattle whose practice has exclusively involved representation of individuals in employment-related disputes in administrative agencies and less frequently in court. In the last year, I had several matters in active litigation besides the present one.

3. In January 2008, I consulted my primary health care provider. I did so because I had begun experiencing symptoms of a serious health condition, one that I previously undergone treatment for in 2005, as well as at other times in the past. On this occasion, I optimistically hoped that my condition could be treated and managed through use of medications that I had successfully used before. However, after a three month period, my symptoms have not abated and progressed. As a result, I am now obtaining more intensive treatment from a specialist in the field.

DECLARATION OF COUNSEL ON
MOTION TO WITHDRAW -2

4. I have informed that provider that my condition has adversely affected my ability to manage the obligations on my current caseload and specifically prevented me from completing the projected discovery I had anticipated conducting this spring in the above-captioned matter.

5. Under the Washington Rules of Professional Conduct at RPC 1.16(a) (2), the jurisdiction in which I am admitted, with the recommendation from this specialist, I seek withdrawal from the case so that I not prejudice Ms. Gaona by my impaired functioning. I must withdraw so that she may proceed to advance her case.

6. With this provider's advice and concurrence that I do so, I have recently decided to take an extended leave of absence from law practice as soon as practicable. I have begun the task of notifying clients and parties and disengaging from all active matters in my caseload,. including administrative claims.

   III.   **MY COMMUNICATIONS WITH MS. GAONA ABOUT `**
      **MY NEED TO WITHDRAW**

7. For reasons protected by the attorney-client privilege, absent waiver by Ms. Gaona in a future hearing, even before my health condition reasserted itself, Ms. Gaona and I had begun to experience challenges in our ability to effectively communicate and reach consensus on methods for advancing this litigation. My current health condition has compounded the problem.

DECLARATION OF COUNSEL ON
MOTION TO WITHDRAW -3

8. Since the Court's order permitting an amended complaint in 2007, Ms. Gaona has relocated from Juneau to Western Washington and has maintained several temporary residences. Our communication has been by phone or email.

9. By late March, I advised Ms. Gaona that I did feel able to travel or undertake the deposition schedule we had projected because of my health. In early April, after getting input from my treating provider, I informed Ms. Gaona by phone and email that I needed to withdraw from her case; I provided a copy of LR 11.1 to her by email.

10. Ms. Gaona has informally indicated that she does not consent to my withdrawal and has indicated that she does not have the time to speak with prospective attorneys or seek new counsel.

### III.   MY ATTEMPTS TO FIND SUBSTITUTING COUNSEL

11. Ms. Gaona began this case pro se at a time when she was still employed by defendant and I was representing her on administrative EEO complaints involving her employment.

12. In notifying plaintiff and opposing counsel of my need to withdraw, I advised her that I would attempt to, but could not guarantee, that I could locate substituting counsel. I have contacted by email and phone various Alaska employment lawyers and other practitioners who might know individuals who could undertake this case.

13. I have forwarded the information about the various Alaska attorneys to Ms. Gaona by email and advised her of her need to communicate with possible referrals. Ms.

DECLARATION OF COUNSEL ON
MOTION TO WITHDRAW -4

1   Gaona has expressed her unwillingness to communicate with prospective attorneys or
2   make any contacts on her own .

### III. COMMUNICATION WITH OPPOSING COUNSELAN D ATTEMPTS TO MINIMIZE PREJUDICE TO PLAINTIFF

14. I have had several communications with opposing counsel.  He has indicated no objection to my need to withdraw.

15.  As evident by the Joint Motion to Stay Discovery, a stay of 120 day of the proceeding should permit plaintiff to attempt to secure counsel and/or make a decision to proceed pro se.

### IV.   SCHEDULING OF ANY HEARING

16,. Any hearing required by the Court rule will need to be conducted telephonically and because of the possible need to disclose private medical information and /or attorney-client communications, I am requesting that any hearing be conducted in chambers or with in camera review of any documents, and conducted ex parte on shortened time as authorized by LR 7.2(b) and (c) and LR 7.3.  Defense counsel has not objected to such a procedure

17;. Yesterday, I was advised by Dan, who identified himself as the Court's case manager, that upon reviewing the Motion, the Court would make a determination and promptly notify the parties and Plaintiff of any decision to conduct a hearing.

18. Because of the exigent circumstances necessitating my expedited withdrawal , actual notice should be provided to plaintiff through phone, email as well as US mail. I have provided

DECLARATION OF COUNSEL ON
MOTION TO WITHDRAW -5

the Court with all contacts that I have for the plaintiff. Plaintiff has indicated that she is not living at the mailing address but has mail delivered there.

I SWEAR UNDER PENALTY OF PERJURY UNDER THE LAWS OF WASHINGTON THAT THE FOREGOING STATEMENT IS TRUE AND CORRECT.

Dated at Seattle Washington this 18th day of April, 2008.

_s/_____

PATRICIA S. ROSE

DECLARATION OF COUNSEL ON
MOTION TO WITHDRAW -6